# EXHIBIT A

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Jessica S. Cook, Corrin F. Bowers & Son, Cyril B. Rush, Jr., Bobby Bostick, Kyle Cook, Donna Jenkins, Chris Kolbe, and Ruth Ann Keffer, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | CASE NO. 2019-CP-23-06675 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Public Service Authority, an Agency of the State of South Carolina (also known as Santee Cooper); W. Leighton Lord, III, in his capacity as chairman and director of the South Carolina Public Service Authority; William A. Finn, in his capacity as director of the South Carolina Public Service Authority; Barry Wynn, in his capacity as director of the South Carolina Public Service Authority; Kristofer Clark, in his capacity as director of the South Carolina Public Service Authority; Merrell W. Floyd, in his capacity as director of the South Carolina Public Service Authority; J. Calhoun Land, IV, in his capacity as director of the South Carolina Public Service Authority; Stephen H. Mudge, in his capacity as director of the South Carolina Public Service Authority; Peggy H. Pinnell, in her capacity as director of the South Carolina Public Service Authority; Dan J. Ray, in his capacity as director of the South Carolina Public Service Authority; David F. Singleton, in his capacity as director of the South Carolina Public Service Authority; Jack F. Wolfe, Jr., in his capacity as director of the South Carolina Public Service Authority; Central Electric Power Cooperative, Inc.; Palmetto Electric Cooperative, Inc.; South Carolina Electric & Gas Company; SCANA Corporation, SCANA Services, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONTINUING STAY OF PRE-TRIAL PROCEEDINGS** |
| | ) | |
| Defendants. | ) | |

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## I.     INTRODUCTION

This Court was specially appointed by the Chief Justice of the South Carolina Supreme Court on September 11, 2019 to supervise this complex litigation, succeeding the Honorable John C. Hayes, III.   This matter is now before the Court on the Motion of the Plaintiff Class for (1) preliminary approval of the settlement embodied in the class action Settlement Agreement attached as Exhibit A; (2) approval of the notice plan and notices; (3) the scheduling of a date for the fairness hearing on final approval ("Fairness Hearing"); and (4) continuing the stay of all discovery and pre-trial proceedings.   For the reasons set forth herein, the Court herby grants Plaintiffs' motion.

## II.     THE ACTION

Plaintiffs are current and former direct and indirect customers of South Carolina Public Service Authority ("Santee Cooper") who sued Santee Cooper and South Carolina Electric & Gas Company ("SCE&G"), a wholly owned subsidiary of Defendant SCANA Corporation ("SCANA") (collectively "Defendants").   This case involves Plaintiffs' claims against the Defendants related to the construction of two nuclear units at the V.C. Summer site in Jenkinsville, South Carolina (the "Project"), for which Plaintiffs have paid advanced construction finance costs.[1]

The instant action began as two separate class action lawsuits in August 2017, which were ultimately consolidated on March 23, 2018.  On February 16, 2018, Plaintiff Cook filed a Motion

---

[1] Central Electric Power Cooperative, Inc. ("Central"), which buys power from Santee Cooper and resells it to numerous electric cooperatives, was also named as a defendant and cross-claimed against Santee Cooper.   As part of the Settlement, Central is being released from liability and is releasing its claims without payment.   This settlement also releases from liability all the distribution electric cooperatives that purchased power from Central.   The Class also sued certain Officers or Directors of Defendants in this and/or the two federal lawsuits discussed herein (*Glibowski v. SCANA Corp.*, No. 9:18-273-TLW (D.S.C.) and *Luquire, et al. v. Marsh*, *et al.*, No. 5:19-cv-2516-TLW (D.S.C.)).   These defendants are also being released from liability to the Class as part of the settlement herein, and those cases will be dismissed.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

for Class Certification and subsequently filed a supporting memorandum. After briefing and a hearing, this Court entered an Order granting Plaintiffs' Motion for Class Certification, finding that all of the prerequisites of Rule 23(a), SCRCP, were satisfied. *See* Order Granting Class Certification (November 5, 2019).

In addition to the motion for class certification, the parties have engaged in extensive litigation in multiple forums, including this Court, the South Carolina Supreme Court, the South Carolina Federal District Court, and the United States Court of Appeals for the Fourth Circuit. Class counsel have successfully defended the Class against motions to dismiss or limit claims, as well as motions to oust this Court of jurisdiction. Defendants have prevailed on their motion to change venue from Hampton to Greenville County, and the Court has announced its intention to enforce any applicable statutory liability or damages caps. At the time of settlement, the parties had taken or were in the process of taking numerous depositions, were arguing over the status of thousands of pages of documents Defendants claimed as privileged, were continuing to interview witnesses, and were preparing for an April 20, 2020 trial, after an earlier trial had been postponed due to a defense effort to remove the case to federal court.

In an effort to explore resolution, the Court ordered an initial series of mediation sessions in October 2019. When those sessions produced no movement toward settlement, the Court took a firm hand in pre-trial matters and scheduled the case for a February 24, 2020 trial. Defendant SCE&G removed the matter to federal court on November 21, 2019 where it remained until it was remanded on January 21, 2020.

Following remand, the Court immediately signed an Order for dissemination of a Class Notice of an impending trial, and subsequently set the matter for an April 20, 2020 trial in Greenville, South Carolina. The Court also offered its services, should the parties agree, to

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

renewing a mediation effort.  After all parties agreed, the Court conducted a marathon two-day mediation session on February 18 and 19, 2020.  During a sixteen-hour session on the second day of mediation, the parties finally reached the settlement now before this Court.

## III.  **THE CLASS**

Plaintiffs bring this action on behalf of a group of similarly situated persons.  Pursuant to the November 5, 2019 Class Certification Order, the Class consist of:

> All Santee Cooper residential, commercial, small industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007 to July 25, 2019.

Plaintiffs seek certification of the following settlement Class to enable more customers to share in the settlement benefits:

> All Santee Cooper residential, commercial, industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007 to January 31, 2020.

All persons within the Class who do not request to exclude themselves from the Class are referred to as Class Members.

## IV.  **STANDARD**

Rule 23(c) and Rule 23(d)(2), SCRCP, authorize the Court to approve a class action settlement and direct reasonable notice to the class.  Judicial approval of a proposed settlement insures that the rights of absent class members are adequately protected.  *See In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991);[2] *Clark v. Experian Info. Sols., Inc.*, 219 F.R.D. 375, 378

---

[2] Because the South Carolina Class Action Rule is consistent with, but more expansive than the Federal Class Action Rule, South Carolina courts often rely on federal precedent as a baseline in evaluating class action issues.  *See Littlefield v. S.C. Forestry Comm'n*, 337 S.C. 348, 354-55, 523

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306075

(D.S.C. 2003); *see also* Rule 23(c), SCRCP, advisory committee note ("It is necessary to protect the rights of all members of the class."). The law favors class action settlements. *See, e.g.*, *S.C. Nat'l Bank v. Stone*, 749 F. Supp. 1419, 1423 (D.S.C. 1990).

In assessing a proposed class action settlement, courts focus on whether a settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). Courts generally bifurcate the process into two phases. During the preliminary approval phase, the inquiry before the court is whether the terms of the proposed settlement are "within the range of possible approval or . . . whether there is probable cause to give notice of the proposed settlement to class members." *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (quoting *Armstrong v. Bd. of Sch. Directors*, 616 F.2d 305, 314 & n.13 (7th Cir. 1980)) (internal citations omitted); *see also Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 646 (D.S.C. 1992) (order granting preliminary approval of a class action settlement serves only to allow the court to initiate proceedings to enable final adjudication of the appropriateness and fairness of the settlement).

Following preliminary approval, and prior to final approval, the court conducts a fairness hearing where class members may participate. Here, Plaintiffs seek an order for preliminary approval. Thus, the only question before the Court at this stage, and prior to class notice, is whether the proposed settlement is within the range of possible approval so that the class should be notified of its terms.

---

S.E.2d 781, 784 (1999) ("Our state class action rule differs significantly from its federal counterpart. The drafters of [South Carolina] Rule 23 . . . intentionally omitted from our state rule the additional requirements found in Federal Rule 23(B) . . .. By omitting the additional requirements, Rule 23, SCRCP, endorses a more expansive review of class action availability than its federal counterpart."); *see also McGann v. Mungo*, 287 S.C. 561, 570, 340 S.E.2d 154, 159 (Ct. App. 1986) (relying on federal precedent to interpret new Rule 23, SCRCP).

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## V.    <u>FINDINGS OF THE COURT</u>

### A.    **Fairness**

In assessing whether preliminary approval is fair and reasonable, the Court may consider a number of factors, including the posture of the case at the time of the proposed settlement, the extent of the discovery, the circumstances surrounding the settlement negotiations, and the experience of counsel in litigating class actions.

From the outset of this case, Defendants have vigorously contested both Plaintiffs' right to bring this action as a class and its substantive merit. Defendants filed motions to dismiss, motions to compel arbitration, motions to exclude future damages, motions to enforce statutory limits on liability, and motions to change venue, among others. Defendants sought to have certain matters heard in the original jurisdiction of the Supreme Court and, subsequently, SCE&G removed the case to federal court. During the course of the litigation, the parties have argued numerous legal issues in both state and federal courts, have taken over forty depositions, and have exchanged millions of pages of documents. Class counsel had also retained multiple consulting and testifying experts on issues involving nuclear construction, the economics of the nuclear power industry, and the outlook for nuclear power in light of the changes in power generation and consumption that were or should have been forecast. For their part, Defendants have litigated every issue in this case tenaciously through highly experienced counsel drawn from the most prestigious corporate law firms in the nation.

Based upon the filings in this case and this Court's familiarity with the proceedings, the Court finds that the parties have undertaken extensive efforts litigating this case. This settlement is entered into at a time when the parties are in an excellent position to evaluate the viability of Plaintiffs' claims, as well as the extent of the defenses asserted by Defendants.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

As noted previously, while the case was being vigorously litigated, this Court suggested that the parties explore mediation with the Court itself acting as mediator in light of its extreme familiarity with all sides' positions.  After all sides consented, the Court conducted initial mediation sessions on October 14 and 15, 2019.  Despite the Court's intensive efforts, these negotiations broke down.  Accordingly, the Court and parties returned to their litigation activities with a trial then set for February 24, 2020.

At a subsequent hearing, the Court ruled on a variety of pre-trial issues, including motions by SCE&G to force Santee Cooper to arbitrate certain issues, and motions concerning SCE&G's privileged documents.  Following the Court's rulings on these and other motions, SCE&G removed the case to federal court on November 21, 2019 where it stayed for sixty-one days while the parties briefed motions to remand.  The federal court remanded the matter on January 21, 2020. The same day, this Court ordered that notice of an upcoming trial be sent to the Class, and subsequently set a hearing for January 30, 2020 on pre-trial matters.  At that hearing, the Court made additional rulings, reset the trial date, and again inquired about the parties' willingness to consent to mediation before the Court.  Within a few days, all parties had so agreed.

The Court resumed mediation on February 18 and 19, 2020.  After the first day's session, little progress had been made.  The parties maintained widely divergent views of the value of the case and the likelihood of success on the merits.  The mediation resumed on February 19, 2020. After a marathon sixteen-hour session, which involved numerous consultations between Defendants and their highest corporate executives, the parties finally reached an agreement.

Because this Court presided at the mediation, it is well aware of the good faith efforts that were made to reach settlement despite what appeared to be enormous obstacles. The Court's

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306075

observation of the process leaves no doubt that the settlement was a product of good faith, arm's-length, hard bargaining, with absolutely no collusion.

Class counsel collectively have many decades of experience litigating class actions nationwide, and counsel for Defendants have comparable experience practicing in some of the most widely respected firms in South Carolina and across the country. As such, this Court finds that counsel for the parties have the requisite level of experience to assess and recommend the terms of the proposed settlement.

### B.      Adequacy

In assessing whether a proposed settlement adequately serves to compensate the class, the Court can consider the strength of the case, the strength of the defenses, the practical implications of continued discovery and trial, and whether a recovery is likely in the event of continued litigation, among other factors. *See Newberg on Class Actions* § 13:15 (5th ed.) "Standard for Granting Preliminary Approval – Substantive Requirements." Courts may compare the settlement amount to the relief the class could expect to recover at trial, or amounts that have been recovered in similar cases.

The proposed settlement compares very favorably with the amount the class could have expected to recover at trial. The common fund to be established by the settlement of $520 million is over 90% of the $541 million the Class paid from the inception of the project to the date of abandonment. This is also approximately the amount the Class paid after April 2012, when Defendants formally committed to continue the Project. In addition, the settlement provides court enforcement of Santee Cooper's agreement to a rate freeze through 2024 ("rate freeze period") at rates consistent with those projected in Santee Cooper's Reform Plan that will effectively prevent any rate increases during the rate freeze period for costs resulting from the multi-billion dollar

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

decision to proceed with the Project. In addition, Santee Cooper's costs incurred during the rate freeze period will not be deferred in a way that would result in rate increases after 2024 because of those costs. Importantly, the settlement avoids the serious issue of the collectability of a larger verdict against the Defendants.

It is certain that if the settlement is not approved, the parties will continue to undertake rigorous discovery, depositions, and motions' practice, at great expense to all parties involved. They will also continue to litigate two other actions arising from the project (*Glibowski v. SCANA Corp.*, No. 9:18-cv-0273-TLW (D.S.C.) and *Luquire, et al. v. Marsh, et al.*, No. 5:19-cv-2516-TLW (D.S.C.)) that this settlement resolves. The settlement will eliminate these future expenses, as well as the judicial time of the two courts involved.

### C.    Conclusion

In light of the considerations set forth above, at this preliminary stage, the Court finds that the proposed settlement is within the realm of a fair, reasonable, and adequate resolution, and the Class members should be notified of its terms.

## VI.    APPROVAL OF SETTLEMENT AGREEMENT AND PLAN OF NOTICE

The Parties have submitted to the Court the attached Settlement Agreement, which includes as Exhibit B thereto the plan for providing notice to the Class along with the form of summary notice to be mailed and/or emailed to the Class, the detailed notice, the publication notice, and the Request for Exclusion form. The Court will not recite the terms of the Notice Plan, but refers to and relies on them herein. Based upon the Settlement Agreement, the record, and the proceedings herein, it appears to the Court upon preliminary examination that the settlement is within a range that could be approved as fair, reasonable, just, and adequate, subject to a final Fairness Hearing, and that notice should be issued to the Class.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

In addition, this Court finds: (1) that the proposed forms of notice and plan for giving notice constitute the best practicable means of notifying the Class of the settlement, and one that complies with the requirements of due process and the South Carolina Rules of Civil Procedure; (2) that absent Class Members' interests have been adequately represented; (3) that the proceedings to date and as contemplated by the Settlement Agreement have afforded and will afford the absent Class Members all of the requisite due process protections; and (4) that following the class notice, the Fairness Hearing should be held to determine whether the settlement is fair, reasonable, and just, and whether final judgment should be entered in this action.

Accordingly, it is hereby **ORDERED** that:

1.    The Settlement Agreement and its terms have been assessed and the settlement contained therein is preliminarily **APPROVED** as being within a range that could be approved as fair, just, and adequate, subject to a final Fairness Hearing.

2.    Epiq Class Action & Claims Solutions, Inc. is hereby **APPOINTED** as Settlement Administrator.

3.    The proposed plan of providing notice in the Notice Plan is **APPROVED** and **DEEMED** to be adequate to protect the due process rights of Class Members.  Further, the forms of notice to provide to the Class are hereby **APPROVED**, and it is hereby **ORDERED** that, by May 1, 2020, the Settlement Administrator shall cause notice of the settlement to be provided to Class Members in substantially the same form as set forth in the Notice Plan and the exhibits thereto.

4.    The Fairness Hearing is scheduled for July 20, 2020 at 10:00 A.M. in the Richland County Courthouse in Columbia, SC to determine whether the proposed settlement of this action, as set forth in the Settlement Agreement, is fair, reasonable, just,

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

and adequate and should be finally approved. After the Fairness Hearing, the Court may enter a final order in accordance with the Settlement Agreement.

5.     Any Class member shall be allowed to request to be excluded from (or "opt out of") the settlement by mailing or delivering a Request for Exclusion form to the Settlement Administrator at the address set forth in the detailed notice and on the form. Any Request for Exclusion must be postmarked or delivered no later than June 15, 2020. Requests for Exclusion must contain the following information and must be signed by the Class Member: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) the Class Member's electricity provider; (4) service address and/or account number for which the Class Member is requesting exclusion; (5) reference *Cook, et al. v. South Carolina Public Service Authority, et al.*, Case No. 2019-CP-23-6675; and (6) state in express and clear terms the Class Member's desire to be excluded from the settlement and from the Class. Failure to comply with these requirements and to timely submit a proper Request for Exclusion shall result in the Class Member being bound by the terms of the settlement.

No Request for Exclusion can be made on behalf of a group of Class Members or through an agent or attorney.

6.     Any Class Member who submits a timely Request for Exclusion may not file an objection to the settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

7.     Class Counsel shall file a complete list of all individuals and entities who have submitted a Request for Exclusion with their Motion for Final Approval.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

8.      Any Class Member may object to any aspect of the proposed settlement. Any objection must be in writing, must be filed with the Court and mailed to Class Counsel and Defendants' Counsel, as set forth in the notice, and must be postmarked no later than July 1, 2020.  All objections must specifically refer to *Cook, et al. v. South Carolina Public Service Authority, et al.*, Case No. 2019-CP-23-6675, and must include the following information: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) the Class Member's electricity provider; (4) the service address and/or account number; (5) all specific objections and the reasons in support thereof; and (6) any and all supporting papers. Any Class Member who files an objection must also appear at the Fairness Hearing in person or through counsel to show why the proposed settlement should not be approved as fair, reasonable, just, and adequate.

If the objector intends to appear through counsel, the objector's counsel shall append a list of all prior objections to class action settlements previously filed by such counsel in state and federal courts, and with respect to each provide: (1) the case number; (2) the court where the prior objection was filed; and (3) the outcome of the objection.

9.      Any person who fails to object in the manner prescribed herein and in the notice without good cause shown shall not be permitted to object to the settlement at the Fairness Hearing and shall be foreclosed from seeking review of the settlement by appeal, collateral attack, or otherwise.

10.      All discovery and other pretrial proceedings in this action will continue to be stayed and suspended, except such actions as may be necessary to implement the Settlement Agreement and this Order.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

If the proposed settlement as provided in the Settlement Agreement is not given final approval by the Court, or for any reason the parties fail to obtain a Final Approval Order as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement or Orders of this Court, the Settlement Agreement and this Preliminary Approval Order shall become null and void and shall be of no further force and effect. In such event, the Settlement Agreement, any negotiations relating thereto, the Preliminary Approval Order, and any other matter relating to the settlement shall not be used or referred to for any purposes whatsoever in this or any other action, case, proceeding, or controversy.

**AND IT IS SO ORDERED.**

Dated:_____      By:_____
                                         Jean Hoefer Toal
                                         Chief Justice, Retired
                                         Acting Circuit Court Judge
                                         Email: jtoal@sccourts.org

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT A

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" and the terms provided for herein, the "Settlement") is made and entered into as of the Execution Date, by and between: Dominion Energy South Carolina, Inc., f/k/a South Carolina Electric & Gas Company ("SCE&G"); Dominion Energy Southeast Services, Inc., f/k/a SCANA Services, Inc. ("SCANA Services"); SCANA Corporation ("SCANA") (collectively with SCE&G and SCANA Services, "Dominion"); Gregory E. Aliff, James A. Bennett, John F.A.V. Cecil, Sharon A. Decker, Lynne M. Miller, James W. Roquemore, Alfredo Trujillo, Maceo K. Sloan, and James Micali (collectively, the "SCANA Directors"); Kevin Marsh, Stephen Byrne, Jimmy Addison, Martin Phalen, Mark Cannon, Russell Harris, Ronald Lindsay (the "SCANA Executives"); the South Carolina Public Service Authority ("Santee Cooper"); W. Leighton Lord, III, William A. Finn, Barry Wynn, Kristofer Clark, Merrell W. Floyd, J. Calhoun Land, IV, Stephen H. Mudge, Peggy H. Pinnell, Dan J. Ray, David F. Singleton, Jack F. Wolfe, Jr. (collectively, the "Santee Cooper Directors"); Lonnie N. Carter, William Marion Cherry, Jr., Michael R. Crosby (the "Santee Cooper Executives"); Central Electric Power Cooperative, Inc. ("Central"); Palmetto Electric Cooperative, Inc. ("Palmetto") (collectively with Dominion, the SCANA Directors, the SCANA Executives, Santee Cooper, the Santee Directors, the Santee Cooper Executives, Central, and Palmetto, "Defendants"); and Plaintiffs Jessica Cook, Corrin F. Bowers & Son, Cyril B. Rush, Jr., Bobby Bostick, Kyle Cook, Donna Jenkins, Chris Kolbe, and Ruth Ann Keffer (the "Representative Plaintiffs"), individually and on behalf of the Class (defined *infra*). This Agreement is intended by the Settling Parties (defined *infra*) to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined *infra*), upon and subject to the terms and conditions set forth herein.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## RECITALS

WHEREAS, Plaintiffs have filed a class action complaint asserting claims against one or more of the Defendants related to conduct that arose prior to January 2, 2019 in an action currently pending in state court in South Carolina captioned *Cook, et al. v. South Carolina Public Service Authority, et al.*, No. 2017-CP-25-348, 2019-CP-23-6675 (S.C. Ct. Comm. Pls.) (the "Action");

WHEREAS, Plaintiffs allege, among things, that customers of Santee Cooper paid utility rates for amounts related to the construction of two new nuclear power plants at the V.C. Summer nuclear power station (the "Nuclear Project") that they should not have been charged;

WHEREAS, Central has asserted cross-claims against Santee Cooper and the Santee Directors in the Action based on contentions relating to the Nuclear Project;

WHEREAS, Palmetto has asserted cross-claims against Santee Cooper, the Santee Directors, SCE&G, and SCANA in the Action based on contentions relating to the Nuclear Project;

WHEREAS, Santee Cooper has asserted cross-claims against SCE&G, Central, and Palmetto in the Action based on contentions relating to the Nuclear Project;

WHEREAS, Defendants deny each and all of the claims and allegations of wrongdoing made against them in the Action; deny that they have violated any law or other duty; deny that they have engaged in any wrongdoing or any other act or omission that would give rise to liability or cause Plaintiffs or any cross-claimant injuries, damages, or entitlement to any relief; have asserted affirmative defenses to Plaintiffs' claims and the cross-claims made against them; contest that any class should be certified; and state that they are entering into this Agreement to avoid the further uncertainties, expense, inconvenience, delay, and distraction of burdensome and protracted litigation, and thereby to put to rest this controversy and avoid the risks inherent in complex litigation;

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

WHEREAS, Defendants have provided significant information to Plaintiffs regarding their claims and the claims of the Class through written discovery, document production, and depositions;

WHEREAS, Santee Cooper was created by the General Assembly of the State of South Carolina pursuant to and as governed by S.C. Code Ann. § 58-31-10 *et seq*.  On January 24, 2020, submitted its plan for reform to the South Carolina General Assembly pursuant to Act 95 (the "Reform Plan") dated January 3, 2020, and the Settling Parties have had a full and fair opportunity to review the Reform Plan and to familiarize themselves with the terms thereof;

WHEREAS, Santee Cooper represents that, after taking into account its payment obligations set forth in Section IV.A., Santee Cooper reasonably expects to be in compliance with its obligations under law and its contract with bondholders during the Rate Freeze Period.

WHEREAS, Plaintiffs and Class Counsel (defined *infra*) have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that it is in the best interests of the Plaintiffs to enter into this Agreement to avoid the uncertainties of litigation and to assure that the benefits set forth below are obtained for the Plaintiffs, and, further, that Class Counsel consider the Settlement (defined *infra*) set forth in this Agreement to be fair, reasonable, adequate, and in the best interests of the Plaintiffs;

WHEREAS, Defendants and their respective counsel have concluded after carefully considering the relevant circumstances, including, without limitation, the cross-claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that it is in their best interests to enter into this Agreement to avoid the uncertainties of litigation and to assure that the

benefits set forth below are obtained for them, and, further, that the Settlement set forth in this Agreement is fair, reasonable, adequate, and in their best interests;

WHEREAS, the Settling Parties agree that the fact of this Agreement, any of the terms in this Agreement, any documents filed in support of this Agreement, or any statement made in the negotiation thereof shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law, (ii) any liability or wrongdoing, (iii) liability on any of the claims or allegations in the Action, or (iv) the propriety of certifying a litigation class in any proceeding, and shall not be used by any Person for any purpose whatsoever in the Action or any other legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of this Agreement.

## AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, through their attorneys of record, that, subject to the approval of the Court (defined *infra*), and in satisfaction of claims for compensatory damages and restitution, the Action and the Released Claims (defined *infra*), including any Unknown Claims (defined *infra*), against Defendants shall be finally and fully settled, compromised, and dismissed on the merits and with prejudice upon and subject to the terms and conditions of this Agreement, as follows:

## I.     DEFINITIONS

In addition to the definitions contained throughout this Agreement, as used herein, the following terms shall have the meanings specified below:

1.     "Affiliates" means entities controlling, controlled by, or under common control with a Releasee or Releasor.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306075

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

2.      "Authorized Recipient" means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution consistent with the Distribution Plan and order of the Court.

3.      "Class" is defined as follows:

> **All Santee Cooper residential, commercial, industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007, through January 31, 2020.**
>
> **This class shall exclude: (1) Santee Cooper, its legal representatives, elected officials, officers, directors, assigns, and successors; (2) SCANA; (3) SCE&G; (4) SCANA Services; (5) Central; (6) the Electric Cooperatives; and (7) the judge presiding over the Action.**

4.      "Class Counsel" means Speights & Solomons, LLC; McCullough Khan, LLC; McGowan, Hood & Felder, LLC; the Strom Law Firm, LLC; Richardson, Patrick, Westbrook & Brickman, LLC; Galvin Law Group, LLC; Savage Royall & Sheheen, L.L.P.; and Bell Legal Group, LLC.

5.      "Class Period" means January 1, 2007 through January 31, 2020.

6.      "Class Member" means a Person who falls within the definition of the Class and who has not timely and validly elected to be excluded from such class pursuant to the procedures set forth herein.

7.      "Common Benefit Fund" means the five hundred twenty million dollars ($520,000,000.00) being paid by Dominion and Santee Cooper for the benefit of the Class as set forth herein.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

8.    "Coordination Agreement" means the Power Systems Coordination and Integration Agreement, between Santee Cooper and Central, dated December 1, 1980, as amended.

9.    "Court" means the Court presiding over the Action.

10.   "Day" or "Days" has the meaning ascribed to it in South Carolina Rule of Civil Procedure 6, and all time periods specified in this Agreement shall be computed in a manner consistent with S.C. R. Civ. P. 6.

11.   "Distribution Plan" means the plan and formula of allocation of the Common Benefit Fund whereby the Common Benefit shall in the future be distributed to Authorized Recipients, to be approved by the Court in the form attached hereto as Exhibit A, which is made a part of this Agreement.

12.   "Effective Date" means the first date by which all of the events and conditions specified in § VII.A. of this Agreement have occurred and have been met.

13.   "Electric Cooperative(s)" means any or all of the electric cooperatives in South Carolina that have purchased power from Central during the Class Period.

14.   "Escrow Agreement" means the Escrow Agreement entered into between the Settling Parties and the designated Escrow Agent.

15.   "Exclusion Deadline" means the deadline for requesting exclusion from the Class, as set forth in the notice to the Class, and which shall be no later than ninety (90) Days after the Preliminary Approval Order.

16.   "Execution Date" means the latest date associated with a signature on a fully executed Agreement set forth on the signature pages below.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

17. "Final" means, with respect to any order of the Court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) if an appeal is timely taken, the date on which the Agreement has received approval without modification or consensual amendment after the conclusion of all such appeals and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this Agreement, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other similar proceedings.

18. "Final Judicial Approval" shall occur once the Court gives final approval of the Agreement at a final fairness hearing (to be set within 150 Days of Preliminary Approval), and after the time for noticing an appeal of the Court's Order of Final Approval has expired with no appeal taken, or, if an appeal is timely taken, the date on which the Agreement has received approval without modification or consensual amendment after the conclusion of all such appeals.

19. "Incentive Award" means the amount awarded, if any, to the Representative Plaintiffs upon application as described in § VI.A. of this Agreement.

20. "Judgment" means the order of judgment and dismissal with prejudice in the Action.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

21.    "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of administering the Settlement, including, but not limited to, the costs of mailing notice to the Class, mailing payments to Class Members, and responding to inquiries from Class Members.

22.    "Objection Deadline" means the deadline for submitting an objection to the Settlement or any relief provided for in connection with the Settlement, as set forth in the notice to the Class, and which shall be no later than one hundred twenty (120) Days after the Preliminary Approval Order.

23.    "Opt-Out" means a Person who falls within the definition of the Class who has timely and validly elected to be excluded from such class pursuant to the procedures set forth herein. It does not include any Person whose request for exclusion is challenged by any Defendant and the challenge is not overruled by the Court or withdrawn by Defendant, any Person whose communication is not treated as a request for exclusion, and/or any Person whose request for exclusion is not valid or is otherwise void.

24.    "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

25.    "Released Claims" means any and all past, present, and future claims, cross-claims, counterclaims, lawsuits, appeals, set-offs, costs, losses, rights, demands, charges,

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

complaints, actions, causes of action, obligations, or liabilities of any and every kind, whether class, individual, or otherwise in nature, including, without limitation, those known or unknown or capable of being known; those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time; those which are foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, and/or contingent or non-contingent; and those which are accrued, unaccrued, matured or not matured, all from the beginning of the world until the Effective Date, under the laws of any jurisdiction ("Claims"), which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, arising out of or relating in any way to the Nuclear Project; any act or omission of the Releasees (or any of them) regarding in any way the Nuclear Project or relief thereto that is alleged in the Action; any act or omission of the Releasees (or any of them) that could have been alleged in the Action; or any act or omission of the Releasees (or any of them) that could have been alleged in another action directly, representatively, derivatively, or in any other capacity in another court, tribunal, or other forum regarding in any way the Nuclear Project.  Released Claims do not include claims by Class Members who are also Santee Cooper bondholders against Santee Cooper relating to their status as bondholders, claims by Class Members who are also Dominion shareholders against Dominion relating to their status as shareholders, or any claims asserted by Class Members in any worker's compensation, employment, employment discharge, WARN act, ERISA, or derivative action, including, without limitation,

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

the claims asserted in *In re SCANA Corporation Securities Litigation,* Civil Action No. 3:17-CV-2616-MBS (D.S.C.), *In re: SCANA Corporation Derivative Litigation*, No. 3:17-cv-03166-MBS (D.S.C.), *Crangle v. Marsh et al.*, No. 2017-CP-40-05791 (S.C. Ct. Comm. Pls., Richland Cty.), *Todd v. Marsh et al.*, No. 2017-CP-40-06621 (S.C. Ct. Comm. Pls., Richland Cty.), *In re SCANA Corporation Public Shareholder Litigation*, Lead Case No. 3:18-cv-00505-MBS (D.S.C.), *KBC Asset Management LV v. Marsh et al.*, No. 3:19-cv-1457-MBS (D.S.C.), and any cases consolidated into those actions. Released Claims also do not include any claims asserted by Class Members in *Fairfield Co. v. South Carolina Electric & Gas Co*., No. 2017-CP-20-458 (S.C. Ct. Comm. Pls., Fairfield Cty.), *Fluor Enterprises, Inc. v. South Carolina Electric & Gas Company*, No. 2018-CP-20-0343 (S.C. Ct. Comm. Pls., Fairfield Cty.), *Turka v. South Carolina Public Service Authority and Lonnie Carter*, Civil Action No. 2:19-1102-RMG (D.S.C.), *Hearn v. Public Service Authority South Carolina et al.*, No. 2017-CP-26-05256 (S.C. Ct. Comm. Pls., Horry Cty.), or any cases consolidated into those actions. Released Claims do not include claims against Toshiba Corporation ("Toshiba") or Westinghouse Electric Company, LLC ("Westinghouse"). Released Claims do not include any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged related to V.C. Summer Units 2 and 3 including, without limitation, any claims by the United States Department of Justice, the United States Attorney's Office for the District of South Carolina, the South Carolina Department of Revenue or the South Carolina Attorney General's Office. Notwithstanding anything in this paragraph to the

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

contrary, Released Claims do not include any Claims between Santee Cooper and Central (including any of the Electric Cooperatives), that do not arise out of or relate to the Nuclear Project. For purposes of this Agreement, Released Claims do not include any Claims between or among Santee Cooper, Dominion, the SCANA Directors, and the SCANA Executives not asserted in this Action.

26.    "Releasees" means Defendants and the Electric Cooperatives and each and every one of their past, present, and future parents (including without limitation Dominion Energy Inc. and their past, present and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders (in their capacity as shareholders), officers, directors, vendors, employees, members, attorneys and legal representatives, insurers[1], agents (alleged or actual), heirs, executors, administrators and assigns, and related and affiliated Persons), predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders (in their capacity as shareholders), officers, directors, vendors, employees, members, attorneys and legal representatives, insurers, agents (alleged or actual), heirs, executors, administrators and assigns, and related and affiliated Persons. The release by and between the Plaintiffs and each Releasee is independent of the release as to any other Releasee. For the avoidance of doubt, Releasees do not include Toshiba or Westinghouse.

27.    "Releasors" means Dominion, Santee Cooper, Central, Palmetto, Plaintiffs, and each and every Class Member, individually or together, on their own behalf and on behalf of their respective families, and each and every one of their former, present,

---

[1] This does not release any insurer as to its own insured.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

or future agents, legal representatives, predecessors, successors, heirs, executors, administrators, insurers, and assigns.

28.    "Settlement" means the settlement of the Released Claims as reflected by the terms of this Agreement.

29.    "Settlement Amount" means the consideration set forth in § IV.A.

30.    "Settlement Administrator" is the representative selected by Class Counsel, and approved by the Court, to administer the Common Benefit Fund.

31.    "Settling Parties" means, collectively, Defendants and Plaintiffs (on behalf of themselves and the Class). Each may be referred to separately as a "Settling Party."

32.    "Unknown Claims" means any and all Released Claims that a Releasor does not know or suspect to exist in his or her favor at the time of the release of the Releasees that if known by him or her, might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision not to object to or opt out of this Settlement.  Unknown Claims do not include the exceptions and exclusions to Released Claims set forth in § I.25.

33.    As used herein, the plural of any defined terms includes the singular thereof and vice versa, except where the context requires otherwise.

## II.    PRELIMINARY APPROVAL ORDER, NOTICE ORDER, AND SETTLEMENT HEARING

A.    **Reasonable Best Efforts to Effectuate This Settlement**. The Settling Parties: (a) acknowledge that it is their intent to consummate this Agreement, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

**B.     Certification of Class.** Over the objections of Dominion and Santee Cooper, the Court certified a class in the Action pursuant to Rule 23 of the South Carolina Rules of Civil Procedure by Order entered on November 5, 2019. Defendants' agreements herein are made solely for the purpose of this Agreement and do not, and shall not, constitute, in the Action or any other proceeding, an admission of any kind or any determination that certification of a class for trial or other litigation purposes in the Action or any other separate action is, or would be, appropriate. If the Settlement is not granted Final Judicial Approval, or this Agreement is otherwise terminated or rendered null and void, this Agreement shall not constitute evidence or any determination that the requirements for certification of a class for trial or other litigation purposes in the Action or any other action are satisfied; in such circumstances, Defendants reserve all rights to challenge certification of any class or subclass for trial or other litigation purposes in the Action or in any other action on all available grounds, on appeal or otherwise.

**C.     Motion for Preliminary Approval**. As soon as practicable following the Execution Date, Class Counsel shall submit a motion (the "Motion for Preliminary Approval") with this Agreement (including all exhibits) to the Court seeking entry of an order in the Action granting preliminary approval of the Settlement ("Preliminary Approval Order"). The texts of the Motion for Preliminary Approval (including the proposed Preliminary Approval Order and Notice Plan (defined herein)) shall be provided to Defendants for review at least three (3) days prior to the filing of the Motion for Preliminary Approval, and Defendants will have an opportunity to comment on the contents before filing.

**D.     Class Notice List Update.** Within thirty (30) Days following the Execution Date, Santee Cooper shall provide to Class Counsel and the Settlement Administrator the names, addresses, e-mail addresses (if available), and service status of all Class Members who became

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

Santee Cooper customers between July 26, 2019 and January 31, 2020. Central will work to obtain from the Electric Cooperatives and provide to Class Counsel and the Settlement Administrator the names, addresses, e-mail addresses (if available), and account status of all Class Members who became Electric Cooperative customers between July 26, 2019 and January 31, 2020.

      **E.**        **Proposed Form of Notice**. As part of the Motion for Preliminary Approval, Class Counsel shall submit to the Court for approval in the Action a proposed form of, method for, and schedule for dissemination of notice to the Class (the "Notice Plan"). This Notice Plan shall ask the Court to find that the proposed form of and method for dissemination of notice to the Class Members constitutes valid, due, and sufficient notice to the Class Members and complies fully with the requirements of the South Carolina Rules of Civil Procedure. The proposed Notice Plan is attached hereto as Exhibit B.

      **F.**        **Motion for Final Approval and Entry of Final Judgment**. Not less than ten (10) days prior to the date set by the Court to consider whether this Settlement should be finally approved, Class Counsel shall submit a motion for final approval of the Settlement by the Court ("Motion for Final Approval"). The Motion for Final Approval (including the proposed Final Approval Order and supporting papers) shall be provided to Defendants for review at least three (3) days prior to the filing of the Motion for Final Approval, and Defendants will have an opportunity to comment on the contents before filing. Class Counsel shall seek entry of a final approval order ("Final Approval Order") and Judgment in the Action:

      1.      finding that the Court has personal jurisdiction over the Representative Plaintiffs and all Class Members and that the Court has subject matter jurisdiction to approve the Settlement;

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

2.      fully and finally approving the Settlement and its terms as being fair, reasonable, and adequate; and directing its consummation pursuant to its terms and conditions;

3.      declaring this Agreement and the Final Approval Order and Judgment to be binding on and to have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Releasors;

4.      finding that the notice given to the Class Members pursuant to the Notice Plan (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the final approval hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) complies in all respects with the requirements of Rule 23 of the South Carolina Rules of Civil Procedure, due process, and any other applicable law;

5.      directing that all claims in the Action be dismissed with prejudice and, except as otherwise explicitly provided for in the Agreement, without costs;

6.      discharging and releasing the Releasees from all Released Claims;

7.      permanently barring and enjoining the institution and prosecution, by Releasors and/or any other Person, of any and all of the Released Claims;

8.      approving the Opt-Out List (defined *infra*) and determining that the Opt-Out List is a complete list of all Persons who have timely and validly requested exclusion

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

from the Class, and accordingly, who shall neither share in nor be bound by the Final Approval Order and Judgment;

9.     determining that the Agreement, Settlement, and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment, or an admission of liability or of any wrongdoing by any Defendant or any Releasee or of the suitability of these or similar claims to class treatment for litigation, trial, or any other purpose except settlement; provided, however, that reference may be made to this Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Agreement;

10.     reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation, and enforcement of this Agreement; and

11.     containing such other and further provisions consistent with the terms of this Agreement to which the Settling Parties expressly consent in writing.

Class Counsel also will request, at a time ordered by the Court, that the Court approve an application for Plaintiffs' Incentive Award and attorneys' fees and reimbursement of expenses (as described in § VI.A. below) in the Action.

**G.     Stay of Proceedings and Stay Order**. Upon execution of this Agreement, the Settling Parties agree to stay all litigation in the Action except for efforts to effectuate and obtain approval for the Settlement. Further, upon the date that the Court enters the Preliminary Approval Order, Plaintiffs and all Class Members shall be barred and enjoined from commencing, instituting, seeking discovery upon, or otherwise continuing to prosecute any action or any

proceeding of any kind (including, but not limited to, an action for actual damages, statutory damages, and/or exemplary or punitive damages) in any court of law, arbitration tribunal, administrative forum, or other forum of any kind worldwide, based on the Released Claims.

H.     ***Glibowski*** **and** ***Luquire*** **Stays and Dismissals**. Upon entry of a Preliminary Approval Order in the Action, Class Counsel will cause counsel representing the plaintiffs in *Glibowski, et al. v. SCANA Corporation, et al.*, No. 9:18-cv-273-TLW (D.S.C.) (the "*Glibowski* Action") and *Luquire, et al. v. Marsh, et al.*, No. 5:19-cv-2516-TLW (D.S.C.) (the "*Luquire* Action") to file motions to stay the *Glibowski* Action and the *Luquire* Action pending entry of a Final Approval Order.  Within five (5) Days of the Effective Date, Class Counsel will cause counsel representing the plaintiffs in the *Glibowski* Action and the *Luquire* Action to file stipulations of dismissal with prejudice terminating the *Glibowski* Action and the *Luquire* Action.

### III.     RELEASES

A.     **Released Claims**. Upon the Effective Date, and pursuant to the Court's entry of the Final Approval Order and Judgment, any and all Released Claims against each and all of the Releasees shall be released and dismissed with prejudice and on the merits (without an award of costs to any party other than those provided in § VI.A. *infra*). The Releasors (regardless of whether any such Releasor ever obtains any recovery by any means, including, without limitation, by receiving any distribution from the Common Benefit Fund) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees.

B.     **No Future Actions Following Release**. The Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain, or prosecute any suit, action, or complaint of any kind (including, but not limited to, claims for actual damages, statutory damages, and exemplary or punitive damages) against any Defendant, or any other Releasee

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

(including pursuant to the Action), based on the Released Claims, in any forum worldwide, whether on his or her own behalf or as part of any putative, purported, or certified class.

**C.    Covenant Not to Sue**. Releasors hereby covenant not to sue the Releasees with respect to any Released Claims, including Unknown Claims. Releasors shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claims against the Releasees of any kind (including, but not limited to, for actual damages, statutory damages, and exemplary or punitive damages) based on the Released Claims. The Settling Parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained preventing any action from being initiated or maintained, in any case sought to be prosecuted on behalf of any Releasors (including, but not limited to, for actual damages, statutory damages, and exemplary or punitive damages) based on the Released Claims.

**D.    Waiver of California Civil Code § 1542 and Similar Laws**. In addition to the provisions at § VII.A *supra*, the Releasors expressly acknowledge that they are familiar with and, upon the Effective Date, waive and release with respect to the Released Claims any and all provisions, rights, and benefits conferred (a) by Section 1542 of the Civil Code of the State of California, which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(b) by any and all equivalent, similar, or comparable federal or state rules, regulations, laws, or principles of law of any other jurisdiction that may be applicable herein; and/or (c) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth in the Agreement. The Releasors expressly agree that by executing this Agreement, and for the consideration received hereunder, it is their intention to release, and they

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

are releasing, all Released Claims, including Unknown Claims. The Releasors acknowledge that they may hereafter discover claims or facts other than or different from those which they know, believe, or suspect to be true with respect to the subject matter of the Released Claims, but the Releasors expressly waive and fully, finally, and forever settle and release any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, whether class, individual, or otherwise in nature, including, without limitation, those known or unknown or capable of being known; those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time; those which are foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, and/or contingent or non-contingent; and those which are accrued, unaccrued, matured or not matured, all from the beginning of the world until the Effective Date, under the laws of any jurisdiction, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, arising out of or relating in any way to the Nuclear Project; any act or omission of the Releasees (or any of them) that is alleged in the Action; any act or omission of the Releasees (or any of them) that could have been alleged in the Action; or any act or omission of the Releasees (or any of them) that could have been alleged in another action directly, representatively, derivatively, or in any other capacity in another court, tribunal, or other forum regarding in any way the Nuclear Project. The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is contractual and not a mere recital. Notwithstanding anything in this paragraph to the contrary, this paragraph shall not be construed to apply to or to release or to discharge claims within the exceptions to Released Claims and Unknown Claims set forth in § I.25. and § I.32.

**E.    Dismissal.** Subject to Court approval, all Releasors shall be bound by this Agreement, and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Action or this Settlement.

## IV.    COMMON BENEFIT FUND

**A.    Settlement Amount.** Within seven (7) days of the Court entering the Final Approval Order, Dominion shall transfer to, or shall cause Dominion Energy, Inc. to issue to, the Escrow Agent a number of shares of the Company's common stock, without par value (the "Common Stock"), equal to $320 million divided by the average daily adjusted closing price over the five trading days immediately preceding the transfer or issuance of the shares (such shares, the "Settlement Shares").[2]  Dominion shall also pay interest on $320 million at a rate of 1.75% per annum for the period from seven (7) days after entry of the Preliminary Approval Order until issuance of the shares to the Escrow Agent.  The Escrow Agent will sell the shares using means approved by Dominion over a reasonable period of time not to exceed ten (10) trading days.  In the event the shares sell for an aggregate amount less than $320 million plus accrued interest, Dominion will pay the difference between the aggregate amount to the Common Benefit Fund and $320 million plus accrued interest.  In the event the shares sell for an aggregate amount greater than $320 million plus accrued interest, Dominion will receive an amount exceeding the aggregate amount of $320 million plus accrued interest.  In no event shall Dominion's contribution to the Common Benefit Fund be less than $320 million plus accrued interest.  Santee Cooper will pay to the Escrow Agent $200 million with three (3) annual installments, payable in the third quarter of each year, in the amounts of $65 million, $65 million, and $70 million, however, any portion of

---

[2] Such shares will be exempt from registration under Section 3(a)(10) of the Securities Act of 1933, and Class Counsel agree to assist Dominion in its efforts to comply with the requirements of this exemption for purposes of the shares transferred in connection with this Agreement.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

the $200 million that is funded by insurance proceeds will be paid by Santee Cooper upon receipt. The amounts transferred pursuant to this paragraph consist of the "Common Benefit Fund", which will be managed by the Settlement Administrator pursuant to the terms of the Escrow Agreement.

Dominion agrees that the consideration it contributes to fund this Settlement will not be included in its rate base or otherwise passed onto its customers by way of increased rates or other charges, and that Dominion shall never seek to include costs attributable to this Action in any filing before the South Carolina Public Service Commission.

It is the intent of the Parties that the retail and wholesale customers of Santee Cooper do not end up effectively paying, over time and in one form or another, for Santee Cooper's contributions to the Common Benefit Fund. In furtherance, but not in limitation, of such intent, Santee Cooper agrees that its contribution to the Common Benefit Fund will not be included in its revenue requirements or otherwise passed onto its customers by way of increased rates or charges, directly or indirectly, in its cost of service formula or otherwise passed on to its customers in any way either through increased rates or charges.

B.        **Non-Cash Settlement Consideration:** Santee Cooper will provide a rate freeze for the benefit of Class Members consistent with the rates projected in the Reform Plan, beginning in 2020 upon approval of this Agreement and extending through the end of 2024 (the "Rate Freeze Period"). Specifically, with respect to Central, during the Rate Freeze Period, the rates and charges shall be as set forth on Schedule A attached hereto, and with respect to Santee Cooper's retail customers, the rates and charges shall be as set forth on Schedule B attached hereto. Central's bills to the Electric Cooperatives shall reflect the energy costs billed to Central in accordance with this Section.

Santee Cooper shall use Good Utility Practices[3] for operation and maintenance that are consistent with past practices and applicable accounting methodologies and allocations. Consistent with being a rate freeze, Santee Cooper agrees not to defer any costs and expenses incurred or otherwise appropriately attributable to any year during the Rate Freeze Period to any other year or years during or after the Rate Freeze Period, except that Santee Cooper may defer to rates charged in years after the Rate Freeze Period just and reasonable costs and expenses incurred during the Rate Freeze Period directly resulting from the following circumstances:

- Change in Law[4] (not initiated or advocated for by Santee Cooper).
- Named storm events, acts of God or the public enemy, flood, fire, strike, or catastrophic failure of equipment for reasons beyond Santee Cooper's control.
- Significant cyber security attacks or other security attacks outside of Santee Cooper's control.
- Changes in regulatory or governance requirements imposed by the Act 95 legislative process.
- Deviations in Central's actual loads (used for allocation of demand costs) as compared to Central's billing determinants used in the Reform Plan if such deviation exceeds +/- 4% on an annual (calendar) basis.  For the avoidance of doubt, any exercise of Opt-Out rights by Central under the Coordination Agreement shall not be deemed to result in a change in load for purpose of this provision.
- If Santee Cooper's costs incurred after the date of execution of this Agreement are increased above those in the Reform Plan because Santee Cooper is not permitted to engage in forward hedging of fuel price solely by reason of restrictions imposed by the Act 95 legislative process and

---

[3] Good Utility Practices for purposes of this Agreement is as defined in the Coordination Agreement.

[4] Law as defined in the Coordination Agreement is "any federal, state, local or foreign statute, law, ordinance, regulation, rule, code, order, principle of common law, judgment, decree or other requirement enacted, promulgated, issued, enforced or entered by any Governmental Entity, or court of competent jurisdiction, or other requirement or rule of law."  As defined in the Coordination Agreement, Governmental Entity means "any (1) federal, state, local, municipal, foreign or other government, (2) governmental or quasi-governmental authority of any nature (including any governmental agency, branch, department, official, regional transmission authority, regional liability organization, or entity and any court or other tribunal), or (3) body exercising, or entitled to exercise, any administrative, executive, judicial, legislative, police, regulatory, or taxing authority or power of any nature, including any arbitration tribunal."

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

solely for the period of such restrictions imposed by the Act 95 legislative process.

Any such deferral shall be included in the report required by § IV.C.

It is the intent of this Section that the customers of Santee Cooper realize meaningful rate relief from this Rate Freeze and that Santee Cooper's customers do not end up effectively paying, over time in one form or another, for the intended benefits of the Rate Freeze. In furtherance, but not in limitation, of such intent, Santee Cooper agrees that to the extent its costs and expenses incurred or otherwise appropriately attributable to the Rate Freeze Period, using Good Utility Practices for operation and maintenance that are consistent with past practices and applicable accounting methodologies and allocations, exceed its revenues based on the Rate Freezes described above in this Section, Santee Cooper will not include such excess at any point in time in its cost of service formula to be passed on to its customers through increased rates or charges.

**C.**    **Reporting; Independent Auditor.** Annually through 2030, Santee Cooper shall prepare and provide to the Court and Central, by April 30 of each year, a report establishing Santee Cooper's compliance with the terms and restrictions of §§ IV.A. and IV.B. Central will similarly submit to the Court and Santee Cooper a report establishing that Central has complied with § IV.B. At the request of a Party, the Court may appoint an independent auditor to review Santee Cooper's or Central's compliance with terms and restrictions of §§ IV.A. and IV.B. and to report the auditor's findings and conclusions to the Court. The cost of the independent auditor shall be paid by the requesting Party, provided however, that if the independent auditor concludes there has been a material non-compliance by Santee Cooper or Central, the Court shall require that Party to reimburse the requesting Party for the cost of the independent auditor.

**D.**    **Funding of Common Benefit Fund is "All In."** The consideration in § IV.A. is an "all in" amount that includes, without limitation, all monetary benefits and distributions to the

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

Class Members, attorneys' fees and expenses, escrow fees, taxes, tax expenses, pre and post-judgment interest, and all other costs and expenses relating to the Settlement (including, but not limited to, administration costs and expenses, notice costs and expenses, and settlement costs and expenses). Under no circumstances will Dominion or Santee Cooper be required to pay more than their respective portions of the Settlement Amount pursuant to this Agreement and the Settlement set forth herein. In no event shall Dominion or Santee Cooper be required to make any payment under this Settlement before the deadlines set forth in this Agreement. Should, at a time prior to the Effective Date, any entity agree, in a contract or binding commitment entered into after the execution of this agreement, to acquire some or all of the assets of Santee Cooper on terms that would include that entity providing consideration to settle this Action or otherwise make a payment to the Class in any way related to the claims asserted in this Action, Dominion and Santee Cooper retain the right to request the Court reduce their contribution to the Common Benefit Fund, as a set off, and Plaintiffs retain the right to oppose the amount of such requested set off, if any.

**E.      Disbursements Prior to Effective Date**. The Common Benefit Fund will remain subject to the jurisdiction of the Court, until such time as it is fully distributed in compliance with the Agreement and Distribution Plan and any applicable Court order. No amount may be disbursed from the Common Benefit Fund unless and until the Effective Date, except that: (a) Notice and Administrative Costs may be paid as they become due; and (b) Taxes and Tax Expenses (as defined in § IV.F.2.) may be paid from the Common Benefit Fund as they become due.

**F.      Taxes**. The Settling Parties and the Settlement Administrator agree to treat the Common Benefit Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back

election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

1.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Common Benefit Fund, and (iii) timely and properly filing applicable federal, state, and local tax returns necessary or advisable with respect to the Common Benefit Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this paragraph) shall be consistent with the provisions of this paragraph and in all events shall reflect that all Taxes as defined in § IV.F.2. below on the income earned by the Common Benefit Fund shall be paid out of the Common Benefit Fund.

2.    The following shall be paid out of the Common Benefit Fund: (i) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Common Benefit Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Dominion, Santee Cooper, or their counsel with respect to any income earned by the Common Benefit Fund for

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

any period during which the Common Benefit Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph (collectively, "Tax Expenses").

3.     In all events neither Dominion nor Santee Cooper, nor their respective counsel, shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Common Benefit Fund, the Settlement Administrator shall indemnify and hold harmless Dominion and Santee Cooper and their respective counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Common Benefit Fund and shall timely be paid by the Settlement Administrator out of the Common Benefit Fund without prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Recipients any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Dominion nor Santee Cooper, nor their respective counsel are responsible therefor, nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Settlement Administrator, each other,

their tax attorneys, and their accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

## V.   ADMINISTRATION AND DISTRIBUTION OF COMMON BENEFIT FUND

**A.    Time to Appeal**. The time to appeal from an approval of the Settlement shall commence upon receipt of written notice of the Court's entry of the Final Approval Order and Judgment per the South Carolina Rules of Civil Procedure.

**B.    Appointment of Settlement Administrator.** Class Counsel shall select a Settlement Administrator to be approved by the Court. The Settlement Administrator shall, subject to Court Approval, administer the Common Benefit Fund in accordance with the Settlement Agreement, the Court's orders, and applicable law.

**C.    Costs to Be Paid from Common Benefit Fund.** The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer the Settlement and shall oversee distribution of the Common Benefit Fund to Authorized Recipients pursuant to the Distribution Plan. Subject to the terms of this Agreement, the Distribution Plan and any order(s) of the Court, the Common Benefit Fund shall be applied as follows:

1. To pay the Taxes and Tax Expenses as defined *supra*;

2. To pay any Incentive Award and Fee and Expense Award (defined *infra*) that is allowed by the Court, subject to and in accordance with the Agreement;

3. To pay the Notice and Administrative Costs incurred in carrying out the Settlement; and

4. To distribute the balance of the Common Benefit Fund to Authorized Recipients as allowed by the Agreement, the Distribution Plan, and order of the Court.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

D.       **Distribution of Common Benefit Fund to Class Members**. The initial distribution from the Common Benefit Fund shall consist of the Dominion three hundred twenty million dollar ($320,000,000.00) payment and the first Santee Cooper sixty-five million dollar ($65,000,000) payment less (1) Taxes and Tax Expenses; (2) any Fee and Expense Award and Incentive Awards allowed by the Court; (3) Notice and Administrative Costs; and (4) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received had they not chosen to submit such a request.  Within thirty (30) Days of the Effective Date, Santee Cooper and Central[5] shall deliver to the Settlement Administrator information sufficient for Class Counsel to allocate the Common Benefit Fund among the Class Members in relation to the estimated amounts collected from Class Members related to Santee Cooper's involvement in the Nuclear Project (the "Class Member Payment Information").  Within thirty (30) Days of receipt of the Class Member Payment Information, the Settlement Administrator shall calculate (1) the individual Class Member payment or bill credit amounts calculated pursuant to § V.E.; and (2) the total bill credits and individual Class Member allocation to be provided to Santee Cooper and the Electric Cooperatives.  Within sixty (60) Days of receipt of the Class Member Payment Information, the Settlement Administrator, Santee Cooper, and the Electric Cooperatives shall provide the Authorized Recipients with their percentage share of the Common Benefit Fund balance as of that date. Payments shall be made subject to and in accordance with the following:

1.       Each Authorized Recipient who is a current customer of Santee Cooper or any Electric Cooperative and whose distribution is less than $25.00 shall receive his or her distribution by bill credit;

---

[5] If such information is not available to Central, Central shall assist in obtaining such information.

2.      Each Authorized Recipient who is a current customer of Santee Cooper or any Electric Cooperative and whose distribution is at least $25.00 shall receive his or her distribution by check;

3.      Each Authorized Recipient who is not a current customer of Santee Cooper or any Electric Cooperative shall receive his or her distribution by check;

4.      The Common Benefit Fund shall be distributed to Authorized Recipients substantially in accordance with the Distribution Plan. No funds from the Common Benefit Fund shall be distributed to Authorized Recipients until after the date set forth above; and

5.      All Authorized Recipients shall be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Authorized Recipients obtain any distribution from the Common Benefit Fund.

**E.**      **Calculating Payment to Class Members.** Class Members will receive their percentage of the Common Benefit Fund based on the following formula: the figure used to allocate each Class Member's portion of the estimated amounts collected from Class Members related to Santee Cooper's involvement in the Nuclear Project multiplied by the amount that is the Common Benefit Fund less the costs to be paid from the Common Benefit Fund as set forth herein.

**F.**      **Subsequent Distribution.** There will be a subsequent distribution from the Common Benefit Fund of the second Santee Cooper sixty-five million dollar ($65,000,000) payment and the Santee Cooper seventy million dollar ($70,000,000) payment less (1) Taxes and Tax Expenses; (2) Notice and Administrative Costs; and (3) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

had they not chosen to submit such a request.  Within sixty (60) Days of Santee Cooper's 2022 annual installment payment to the Common Benefit Fund, the Settlement Administrator, Santee Cooper, and the Electric Cooperatives shall provide the Authorized Recipients with their percentage share of the Common Benefit Fund balance as of that date.  Payments shall be made subject to and in accordance with § V.D.

**G.**     **No Liability for Distribution of Settlement Funds**. Santee Cooper, Central, and Palmetto will make reasonable efforts to facilitate Class Counsel's receipt of records necessary to identify Class Members entitled to distribution from the Common Benefit Fund. Neither the Releasees nor their counsel, however, shall have any responsibility for, or liability whatsoever with respect to, the distribution of the Common Benefit Fund; the Distribution Plan; the determination, administration, or calculation of claims; the Common Benefit Fund's qualification as a "qualified settlement fund" as set forth in § IV.F., *supra*; the payment or withholding of Taxes or Tax Expenses; or any losses incurred in connection with any such matters. In addition to the releases set forth in § III., *supra*, the Releasors hereby fully, finally, and forever release, relinquish, and discharge the Releasees and their counsel from any and all such liability. No Person shall have any claim against Class Counsel or the Settlement Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan, or further orders of the Court.

**H.**     **Reversion for Opt-Outs**.  For the Class Members who submit valid Requests for Exclusion, the pro rata amount that the Class Members would have received from the Common Benefit Fund had they not submitted those Requests will revert to Dominion and Santee Cooper in proportion to the amounts contributed to the Common Benefit Fund at that time.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

**I.     Balance Remaining in Common Benefit Fund**. If there is any balance remaining in the Common Benefit Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after the completion of all subsequent distributions contemplated in § V.F., 50% of the residual funds shall be distributed to the South Carolina Bar Foundation to support activities and programs promoting access to the civil justice system for low income residents of South Carolina, as required by Rule 23(e)(2) of the South Carolina Rules of Civil Procedure. The remaining 50% of any residual funds will be paid to charitable organizations selected by Class Counsel that provide energy assistance to low income individuals.

**J.     All Claims Satisfied by Common Benefit Fund.** Each Class Member shall look solely to the Common Benefit Fund for settlement and satisfaction of all claims released herein. Except as provided by order of the Court pursuant to this Settlement Agreement, no Class Member shall have any interest in the Common Benefit Fund, or any portion thereof.

## VI.    INCENTIVE AWARDS, ATTORNEYS' FEES, AND REIMBURSEMENT OF EXPENSES

**A.     Fee and Expense Application**. Class Counsel may submit an application or applications (the "Fee and Expense Application") no later than seventy-five (75) Days after the Preliminary Approval Order for distributions from the Common Benefit Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of reasonable expenses incurred in connection with prosecuting the Action; plus (c) any interest on such expenses (until paid) at the same rate and for the same periods as earned by the Common Benefit Fund, as appropriate, and as may be awarded by the Court; and (d) Incentive Awards to Class Representatives.

1.     Class Counsel agree that an application for attorneys' fees will not seek an amount in excess of 15% of the Common Benefit Fund.  Defendants will not contest an application for attorneys' fees so long as the Class Counsel seek an award that is

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

no more than 15% of the Common Benefit Fund and so long as any attorneys' fee award is paid out of the Common Fund.

2. Class Counsel and Representative Plaintiffs agree that an application for an Incentive Award shall not exceed $10,000.00 each for Jessica Cook and Chris Kolbe or $2500.00 each for Corrin F. Bowers & Son, Cyril B. Rush, Jr., Bobby Bostick, Kyle Cook, Donna Jenkins, and Ruth Ann Keffer.

**B.     Payment of Fee and Expense Award**. Any amounts that are awarded by the Court pursuant to the § VI.A. above (the "Fee and Expense Award") shall be paid from the Common Benefit Fund consistent with the provisions of this Agreement. To the extent attorneys' fees and class representative incentive payments are awarded, those payments shall be made from the Common Benefit Fund within ten (10) Days after the Effective Date.

**C.     Award of Fees and Expenses Not Part of Settlement**. The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment and the Settlement of the Action as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award shall constitute grounds for cancellation or termination of this Agreement. To the extent that any award of attorneys' fees or expenses is modified downward or reversed on appeal, the

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

balance shall be returned to the Common Benefit Fund within thirty (30) Days of such modification or reversal becoming Final and not subject to further appellate review.

    **D.**    **No Liability for Fees and Expenses of Class Counsel**. Neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to any payment(s) to Class Counsel pursuant to this Agreement and/or to any other Person who may assert some claim thereto or any Fee and Expense Award that the Court may make in the Action, other than as set forth in this Agreement. Similarly, neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to allocation among Class Counsel and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

    **E.**    **Failure to Obtain Final Judicial Approval**. In the event that this Agreement fails to receive Final Judicial Approval as contemplated herein or in the event that it is terminated by any of the Settling Parties under any applicable provision herein, the Settling Parties agree that none of them nor their counsel shall be permitted to introduce in evidence, at any hearing; or in support of any motion, opposition, or other pleading in the Action; or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any information provided by Defendants or any other Releasees in connection with the negotiation of, or in furtherance of, this Agreement.

## VII.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

    **A.**    **Effective Date**. The Effective Date of this Agreement shall be conditioned on the occurrence of all of the following events:

    1.    Defendants no longer having any right to terminate this Agreement, nor there being a possibility of termination of this Agreement, under § VII.E or, if any Defendant

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

does have such right, it has given written notice to Class Counsel that it will not exercise such right;

2. The Court has finally approved the Settlement as described herein, following notice to the Class and a hearing, and has entered the Final Approval Order and Judgment in the Action;

3. The Released Claims are dismissed with prejudice pursuant to the Final Approval Order and Judgment; and

4. The expiration of appeal periods and/or resolution of all appeals:

   a. If no appeal is taken from the Final Approval Order or Judgment, the date after the time to appeal therefrom has expired; or

   b. If any appeal is taken from the Final Approval Order or Judgment, the date after all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal therefrom has expired, in a manner resulting in an affirmance without material modification of the relevant order or judgment.

**B.** **Occurrence of Effective Date**. Upon the occurrence of all of the events referenced in the § VII.A. above, any and all remaining interest or right of Dominion or Santee Cooper in or to the Common Benefit Fund, if any, shall be absolutely and forever extinguished.

**C.** **Failure of Effective Date to Occur**. If all of the conditions specified in § VII.A.1.-6. are not met, then this Agreement shall be cancelled and terminated, subject to and in accordance with § VII.I. unless the Settling Parties mutually agree in writing to proceed with this Agreement. The effectiveness of the Settlement is expressly conditioned on the Settlement being approved by the Court and any appellate court reviewing the Settlement without this Agreement being rejected or required to be materially modified by any Court ruling or any order resulting from an appeal or

other review. If the Settlement is not finally approved by the Court and any appellate court reviewing the Settlement without material modification as set forth in this Agreement, the Agreement shall terminate and cease to have any effect.

**D.**      **Exclusions**. Any Class Member who wishes to opt out of the Class must do so on or before the Exclusion Deadline specified in the notice to the Class.

1.      In order to become an Opt-Out, a Class Member must complete and send to the Settlement Administrator a Request for Exclusion form that is post-marked no later than the Exclusion Deadline. Opt-Outs may opt out of the Class only on an individual basis; so-called "mass" or "class" opt-outs shall not be allowed and shall be of no force or effect.

2.      Class Counsel shall cause copies of requests for exclusion from the Class to be provided to Counsel for Dominion and Santee Cooper. No later than fourteen (14) days after the Exclusion Deadline, Class Counsel shall provide to Counsel for Dominion and Santee Cooper a complete and final list of Opt-Outs and copies of the requests for exclusion. With their Motion for Final Approval of the Settlement, Class Counsel will file with the Court a complete list of Opt-Outs, including the name, city, and state of the person requesting exclusion (the "Opt-Out List").

a.      With respect to any Opt-Outs, Defendants reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to whether the person qualifies as a Class Member and/or has standing to bring any claim.

b.      Defendants may challenge the validity of any Opt-Out by providing written notice to Class Counsel with ten (10) days after Class Counsel provides

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

Counsel for Dominion and Santee Cooper a complete and final list of Opt-Outs and copies of the requests for exclusion. Such notice shall void the Opt-Out(s) unless Class Counsel disputes the notice in writing, in good faith, with Counsel for Dominion and Santee Cooper within five (5) Days of receipt of the notice. The Court shall have jurisdiction to resolve any disputes regarding the validity of Opt-Outs.

**E.    Rescission Based on Exclusions.** Dominion and Santee Cooper shall have the right to set aside or rescind this Agreement, in the sole exercise of their discretion, if the number of individuals or entities requesting exclusion from the Class exceeds five percent (5%) of the total individuals or entities otherwise within the Class. Dominion and Santee Cooper shall have ten (10) Days from receipt of the final Opt-Out List to exercise this right to set aside or rescind this Agreement.

**F.    Objections.** Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objections prior to the Objection Deadline. All objections must include the following information: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) the Class Member's electricity provider, residential or commercial service address, and/or account number; (4) all specific objections and the reasons in support thereof; and (5) any and all supporting papers. Any Class Member who files an objection must also appear at the final fairness hearing in person or through counsel to show why the Settlement should not be approved as fair, reasonable, just, and adequate. If a Class Member intends to object through counsel, the Class Member's attorney must append a list of all prior objections previously filed by such counsel in state and federal courts, and with respect to

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

each, provide (1) the case number; (2) the court where the prior objection was filed; (3) and the outcome of the objection.

Any award or payment of attorneys' fees made to the counsel of an objector to the Settlement shall be made only by Court order and upon a showing of the benefit conferred to the Class. In determining any such award of attorneys' fees to an objector's counsel, the Court will consider the incremental value to the Class caused by any such objection. Any award of attorneys' fees by the Court will be conditioned on the objector and his or her attorney stating under penalty of perjury that no payments shall be made to the objector based on the objector's participation in the matter other than as ordered by the Court. Any such award shall be payable from the Common Benefit Fund. Defendants shall have no responsibility for any such payments.

G.     **Failure to Enter Proposed Preliminary Approval Order, Final Approval Order, or Judgment**. If the Court does not enter the Preliminary Approval Order, the Final Approval Order or the Judgment, or if the Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Judgment is finally vacated, materially modified, or reversed, then this Agreement and the Settlement incorporated herein shall be cancelled and terminated; provided, however, the Settling Parties agree to act in good faith to secure Final Judicial Approval of this Settlement and to attempt to address in good faith concerns regarding the Settlement identified by the Court and any appellate court.

H.     **Other Orders.** No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

termination of this Agreement by any Settling Party. Without limiting the foregoing, Dominion and Santee Cooper shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action and the Released Claims.

I.        **Termination**. Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate, or be cancelled or otherwise fail to become effective for any reason; the Settlement as described herein is not finally approved by the Court; or the Final Approval Order or Judgment is reversed, materially modified, or vacated following any appeal taken therefrom, then:

1.    Class Counsel shall provide notice of such event to the Settlement Administrator within five (5) Days of the event occurring;

2.    Within seven (7) Days after written notification of such event is sent by Class Counsel to the Settlement Administrator, the Common Benefit Fund—including the Settlement Amount and all interest earned on the Common Benefit while held in escrow excluding only (i) notice and administration costs that have either been properly disbursed or are due and owing; (ii) Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date; and (iii) attorneys' fees and costs that have been disbursed pursuant to Court order—will be refunded, reimbursed, and repaid by the Settlement Administrator to Dominion and Santee Cooper in accordance with their respective funding percentage of the Common Benefit Fund; if said amount or any portion thereof is not returned within such seven (7) Day period, then interest shall accrue thereon at the rate of three percent (3%) per annum until the date that said amount is returned;

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

3.   The Settlement Administrator or its designee shall apply for any tax refund owed to the Common Benefit Fund and pay the proceeds to Dominion and Santee Cooper, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, in accordance with their respective funding percentage of the Common Benefit Fund;

4.   The Settling Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective claims and defenses preserved as they existed on that date;

5.   The Settling Parties shall request the Court to vacate any agreed order certifying the Class for purposes of the Settlement;

6.   The terms and provisions of this Agreement, with the exception of this paragraph (§ VII.I.), the rescission provision of § VII.E., § II.B. ("Certification of Class"), § VII.A. ("Effective Date"), § VIII.B. ("South Carolina Rule of Evidence 408"), § VIII.C. ("Use of Agreement as Evidence"), § IX. ("Representations and Warranties"), § X.B. ("Subsequent Events Impacting Administration"), § X.G. ("Confidentiality of Settlement Negotiations"), and § X.O. ("Return or Destruction of Confidential Materials") (which all shall continue in full force and effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Action or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

7.       Any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## VIII.  NO ADMISSION OF LIABILITY

**A.       Final and Complete Resolution**. The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and Released Claims, including Unknown Claims, and to compromise claims that are contested, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any allegation made in the Action.

**B.       South Carolina Rule of Evidence 408**. The Settling Parties agree that this Agreement, its terms, and the negotiations surrounding this Agreement shall be governed by South Carolina Rule of Evidence 408 and any federal or state-law equivalents and shall not be admissible or offered or received into evidence in any suit, action, or other proceeding, except upon the written agreement of the Settling Parties hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give effect to, declare, or enforce the rights of the Settling Parties with respect to any provision of this Agreement.

**C.       Use of Agreement as Evidence**. Whether or not this Agreement becomes final or is terminated pursuant to its terms, the Settling Parties expressly agree that neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, any allegation made in the Action, or any violation of any statute or law or of any wrongdoing or liability of Defendants, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other proceeding; or (b) is or may be deemed to be or may be used as an admission of,

or evidence of, any liability, fault, or omission of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, shall be admissible in any proceeding for any purpose except to enforce the terms of the Settlement; provided, however, that the Releasees may file this Agreement (including the exhibits), the Preliminary Approval Order, the Final Approval Order, and/or the Judgment in any action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## IX.     REPRESENTATIONS AND WARRANTIES

A.     This Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Rule 23 of the South Carolina Rules of Civil Procedure. Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Judicial Approval is not achieved, Plaintiffs and their counsel represent and warrant to Defendants that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of the Settlement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes the obligation to (a) oppose non-meritorious objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) seek approval of this Agreement and of the Settlement by the Court; (c) move for the entry of the orders required to effectuate Preliminary and Final Approval; and (d) join in the entry of such other orders or revisions of orders

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

or notices, including the orders and notices attached hereto, as are required by the Defendants, subject to Representative Plaintiffs' consent, not to be unreasonably withheld or delayed.

B.    Plaintiffs and Class Counsel represent and warrant that any Fee and Expense Award they may seek upon application to the Court pursuant to this Agreement shall include all attorneys' fees and litigation costs that Plaintiffs, their counsel, and any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and affiliates of their counsel, seek or may have any right or claim to in connection with the Action and the Released Claims.

C.    Plaintiffs and Class Counsel represent and warrant that other than the respective Class Counsel and counsel for the plaintiffs in the *Glibowski* Action and the *Luquire* Action, they are aware of no other Person having any interest in any award of attorneys' fees, expenses, or litigation costs in connection with the Action, Agreement, or Settlement.

D.    Plaintiffs and Class Counsel represent that any claim by anyone to attorneys' fees attorneys' fees, expenses, or litigation costs in connection with the Action, Agreement, or Settlement regarding the Released Claims will be paid from the Common Benefit Fund.

E.    Plaintiffs, Class Counsel, and Defendants represent and warrant that he, she, it, or they have full authorization and capacity to enter into this Agreement and to carry out the obligations provided for herein. Each Person executing this Agreement on behalf of a Settling Party, entity, or other Person(s) covenants, warrants, and represents that he, she, or it has been fully authorized to do so by that Settling Party, entity, or other Person(s). Plaintiffs, Class Counsel, and Defendants represent and warrant that he, she, it, or they intend to be bound fully by the terms of this Agreement.

F.       Plaintiffs and Class Counsel represent and warrant that they have not, nor will they, unless expressly authorized to do so by the terms of this Agreement, (a) attempt to void this Agreement in any way; (b) Opt-Out of the Settlement under this Agreement; (c) solicit or encourage in any fashion a member of the Class to Opt-Out; or (d) solicit or encourage in any fashion any effort by any Person to object to the Settlement under this Agreement.

G.       Class Counsel represent and warrant that they (a) have no current client with a claim against any of the Defendants or any of the Releasees of the type alleged in the Action that has not already been filed and served on Defendants, and (b) have no present intention to seek out or solicit former or current customers of Santee Cooper to pursue individual or class claims against any Defendant with respect to matters within the scope of the Releases. The Settling Parties understand and agree that nothing in this paragraph imposes or shall be construed to prohibit or restrict Class Counsel from representing persons who seek representation for such claims subsequent to the date of this Agreement.

H.       Plaintiffs and Class Counsel represent and warrant that they will not use or seek to use (a) any confidentially designated discovery obtained from any Defendant in the Action, and/or (b) the fact or content of the Settlement in connection with any other claim, action, or litigation against any Releasee (excepting only actions to enforce or construe this Agreement).

I.        Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Judicial Approval is not achieved, Defendants represent and acknowledge to Representative Plaintiffs that they will not oppose the Settlement, Preliminary Approval Order, and/or Final Approval Order, provided that the Preliminary Approval Order and Final Approval Order sought by Plaintiffs and Class Counsel are in the forms to which Defendants have agreed, nor will they solicit or encourage in any fashion a

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

member of the Class to Opt-Out or solicit or encourage in any fashion any effort by any Person to object to the Settlement under this Agreement..

      J.      If any Person breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Settling Party against such Person for breach and/or any Settling Party's request for a remedy for such breach.

      K.      Class Counsel represent and warrant to Defendants that they have the authority to execute this Agreement on behalf of Plaintiffs and themselves, and thereby to bind Plaintiffs and themselves, to all terms and conditions of this Agreement, and, subject to Court approval, to bind all Class Members to the terms and conditions of this Agreement.

## X.    MISCELLANEOUS PROVISIONS

      **A.**      **Voluntary Settlement**. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

      **B.**      **Subsequent Events Impacting Administration.** In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Settling Parties, and failing agreement, as shall be ordered by the Court.

      **C.**      **Claims in Connection with Administration.** No Person shall have any claim against the Plaintiffs or their Counsel, Defendants or their Counsel, the Settlement Administrator, or the Releasees or their agents based on administration of the Settlement substantially in accordance with the terms of the Agreement or any order of the Court or any appellate court.

      **D.**      **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto. Without limiting the generality of the

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

foregoing, each and every covenant and agreement herein by Plaintiffs and Class Counsel shall be binding upon all Class Members.

      **E.**      **Authorization to Enter Settlement Agreement**. The undersigned representatives of Defendants represent that they are fully authorized to enter into and to execute this Agreement and any modifications or amendments to the Agreement on behalf of Defendants. Class Counsel, on behalf of Plaintiffs and the Class, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the Class pursuant to this Agreement to effectuate its terms and to enter into and execute this Agreement and any modifications or amendments to the Agreement on behalf of the Class that they deem appropriate.

      **F.**      **Notices**. All notices and responses to notices under this Agreement shall be in writing. Each such notice or response shall be given either by (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) FedEx or similar overnight courier; and, if directed to any Class Member, shall be addressed to Class Counsel at their addresses set forth below, and if directed to Defendants, shall be addressed to Defendants' respective Counsel at the addresses set forth below or such other addresses as Class Counsel or Defendants may designate, from time to time, by giving notice to all Settling Parties hereto in the manner described in this paragraph. Copies of all notices under this Agreement may, at the notifying party's option, be transmitted by email to the appropriate parties. Providing a copy by email shall only be in addition to, and not a substitute for, the formal mechanisms provided for in (a), (b), or (c) of this paragraph.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

If directed to the Plaintiffs or any Class Member, address notice to:

> Dan Speights
> A.G. Solomons III
> **SPEIGHTS & SOLOMONS, LLC**
> 100 Oak Street
> Hampton, SC 29924
>
> James L. Ward, Jr.
> Ranee Saunders
> Whitney Harrison
> **McGOWAN, HOOD & FELDER, LLC**
> 321 Wingo Way, Suite 103
> Mt. Pleasant, SC 29464
>
> Clayton B. McCullough
> Ross A. Appel
> **McCULLOUGH KHAN, LLC**
> 359 King St., Ste. 200
> Charleston, SC 29401
>
> J. Preston Strom, Jr.
> John R. Alphin
> Jessica L. Fickling
> **STROM LAW FIRM, LLC**
> 2110 Beltline Blvd.
> Columbia, SC 29204
>
> Terry Richardson
> Edward J. Westbrook
> Jerry H. Evans
> Daniel S. Haltiwanger
> **RICHARDSON, PATRICK, WESTBROOK &**
> **BRICKMAN, LLC**
> P. O. Box 1368
> 1730 Jackson Street
> Barnwell, SC 29812
>
> Gregory M. Galvin
> **GALVIN LAW GROUP, LLC**
> PO Box 887
> Bluffton, SC 29910
>
> Vincent Sheheen
> **SAVAGE, ROYALL AND SHEHEEN, L.L.P.**
> 1111 Church Street
> Camden, SC 29020

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

J. Edward Bell
**BELL LEGAL GROUP, LLC**
219 N. Ridge Street
Georgetown, SC 29440

***Class Counsel and Plaintiffs***

If directed to Dominion, the SCANA Directors, or the SCANA
Executives, address notice to:

Steven J. Pugh
Benjamin P. Carlton
**RICHARDSON PLOWDEN & ROBINSON, P.A.**
1900 Barnwell Street (29201)
P.O. Drawer 7788
Columbia, SC 29202

David L. Balser
Jonathan R. Chally
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, GA 30309

***Counsel for Dominion and the SCANA Directors***

If directed to Santee Cooper, the Santee Cooper Directors, or the Santee
Cooper Executives:

William C. Hubbard
B. Rush Smith III
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, SC 29201

***Counsel for Santee Cooper, Santee Cooper Directors, and Santee
Cooper Executives***

If directed to Central:

Frank R. Ellerbe, III
Kevin K. Bell
**ROBINSON GRAY STEPP & LAFFITTE, LLC**
Post Office Box 11449
Columbia, SC 29211

James L. Orr
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309

***Counsel for Central***

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

If directed to Palmetto:

D. Jay Davis, Jr.
**YOUNG CLEMENT RIVERS, LLP**
P.O. Box 993
Charleston, SC 29402

Daniel E. Henderson
**PETERS, MURDAUGH, PARKER, ELTZROTH & DETRICK, P.A.**
90 North Green Street
Post Office Box 2500
Ridgeland, SC 29936

*Counsel for Palmetto*

G.     **Confidentiality of Settlement Negotiations.** The Settling Parties and their counsel shall keep strictly confidential and not disclose to any third party any non-public information regarding the Settling Parties' negotiation of this Settlement and/or this Agreement. For the sake of clarity, information contained within this Agreement shall be considered public, as well as any information requested by the Court in the approval process and other such information necessary to implement this Settlement, provided such information is filed (and is not under seal) and/or is not considered to be confidential material under the Protective Order entered in this Action.

H.     **No Conflict Intended; Headings**. Any inconsistency between this Agreement and the exhibits attached hereto shall be resolved in favor of this Agreement. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

I.     **No Party Deemed to Be the Drafter**. None of the Settling Parties hereto shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, rule of interpretation, or construction that would or might cause any provision to be construed against the drafter hereof.

**J.**     **Choice of Law**. This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of South Carolina, and the rights and obligations of the Settling Parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of South Carolina without giving effect to that state's choice of law principles.

**K.**     **Amendment; Waiver**. This Agreement shall not be modified in any respect except by a writing executed by the Settling Parties, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

**L.**     **Execution in Counterparts**. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Settling Parties to this Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

**M.**     **Integrated Agreement**. This Agreement constitutes the entire agreement between the Settling Parties with respect to the Settlement. This Agreement supersedes all prior negotiations and agreements, including without limitation the Settlement Term Sheet executed by the Parties during the mediation of the Action, and may not be modified or amended except by a writing signed by the Settling Parties and their respective counsel. The Settling Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. It is

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Agreement is entered into may turn out to be other than or different from the facts now known to each Settling Party or believed by such party to be true. Each Settling Party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law.

**N.**      **Attorneys' Fees and Costs.** Except as otherwise expressly provided in this Agreement, each party shall bear its own costs and attorneys' fees.

**O.**      **Return or Destruction of Confidential Materials**. The Settling Parties agree to continue to comply with the Protective Order entered in this Action at the conclusion of the case. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Agreement.

**P.**      **Intended Beneficiaries.** No provision of this Agreement shall provide any rights to, or be enforceable by, any Person that is not one of the Plaintiffs, a Class Member, one of the Defendants, one of the Releasees, Class Counsel, or Counsel for any Defendant, except that this Agreement will be binding upon and inure to the benefit of the successors and assigns of the Settling Parties. No Plaintiff, Class Member, or Class Counsel may assign or otherwise convey any right to enforce any provision of this Agreement.

**Q.**      **Regular Course of Business**. The Settling Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendants and the Releasees, on the one hand, and Class Members, on the other hand, in the regular course of business.

**R.**      **Tax Consequences**. No representations or advice regarding the tax consequences of this Agreement have been made by any Settling Party. The Settling Parties further understand

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306075

and agree that each Settling Party, each Class Member, each Class Counsel, and each of Plaintiffs shall be responsible for his, her, its, or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

    **S.**      **Bankruptcy Proceedings**.

        1.      The Settling Parties agree that any Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the period of time covered in the Class definition may only participate in the Settlement subject to applicable bankruptcy law and procedures. Defendants are under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

        2.      The Settling Parties agree that any disputes concerning the rights of the bankruptcy estate to the proceeds of any payment under the Settlement or Incentive Award shall be adjudicated by the Bankruptcy Court. The Settlement Administrator shall follow any direction of the Bankruptcy Court with respect to the proceeds of any payment or Incentive Award. In the event the Bankruptcy Court issues any order or orders that do more than adjudicate the proceeds of any payment or Incentive Award, and such order or orders are material in the judgment of Dominion or Santee Cooper, exercised in good faith, Dominion and Santee Cooper shall have the right to terminate this Agreement.

    **T.**      **Class Member Obligations**. Under no circumstances shall the Settlement or Agreement or any release herein be deemed to alter, amend, or change the terms and conditions of

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

any account to which any Class Member is or was a party, or to provide a defense to any obligation to pay monies to Dominion or Santee Cooper, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case or in any other action involving a Class Member, nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract. In the event this Agreement is so construed as to a particular Class Member, it can be declared by Dominion or Santee Cooper to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void).

IN WITNESS WHEREOF, the Settling Parties hereto, through their fully authorized representatives, have entered into this Agreement as of the date first below written, and have executed this Settlement Agreement on the date indicated below each respective signature.

DATED: March 17, 2020.


By _____
Dan Speights
A.G. Solomons III
**SPEIGHTS & SOLOMONS, LLC**
100 Oak Street
Hampton, SC 29924

James L. Ward, Jr.
Ranee Saunders
Whitney Harrison
**McGOWAN, HOOD & FELDER, LLC**
321 Wingo Way, Suite 103
Mt. Pleasant, SC 29464

Clayton B. McCullough
Ross A. Appel
**McCULLOUGH KHAN, LLC**
359 King St., Ste. 200
Charleston, SC 29401

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 06 5:00 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

J. Preston Strom, Jr.
John R. Alphin
Jessica L. Fickling
**STROM LAW FIRM, LLC**
2110 Beltline Blvd.
Columbia, SC 29204

Terry Richardson
Edward J. Westbrook
Jerry H. Evans
Daniel S. Haltiwanger
**RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC**
P. O. Box 1368
1730 Jackson Street
Barnwell, SC 29812

Gregory M. Galvin
**GALVIN LAW GROUP, LLC**
PO Box 887
Bluffton, SC 29910

Vincent Sheheen
**SAVAGE, ROYALL AND SHEHEEN, L.L.P.**
1111 Church Street
Camden, SC 29020

J. Edward Bell
**BELL LEGAL GROUP, LLC**
219 N. Ridge Street
Georgetown, SC 29440

*Class Counsel and Plaintiffs*

By _____
Steven J. Pugh
Benjamin P. Carlton
**RICHARDSON PLOWDEN & ROBINSON,
P.A.**
1900 Barnwell Street (29201)
P.O. Drawer 7788
Columbia, SC 29202

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

David L. Balser
Jonathan R. Chally
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, GA 30309

*Counsel for Dominion, the SCANA Directors, and the SCANA Executives*

By _____
William C. Hubbard
B. Rush Smith III
A. Mattison Bogan
Carmen Harper Thomas
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, SC 29201

*Counsel for Santee Cooper, the Santee Cooper
Directors, and the Santee Cooper Executives*

By _____
Frank R. Ellerbe, III
Kevin K. Bell
**ROBINSON GRAY STEPP & LAFFITTE, LLC**
Post Office Box 11449
Columbia, South Carolina 29211

James L. Orr
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309

*Counsel for Central*

By _____
D. Jay Davis, Jr.
**YOUNG CLEMENT RIVERS, LLP**
P.O. Box 993
Charleston, South Carolina 29402

Daniel E. Henderson
**PETERS, MURDAUGH, PARKER,
ELTZROTH & DETRICK, P.A.**
90 North Green Street
Post Office Box 2500
Ridgeland, South Carolina 29936

*Counsel for Palmetto*

David L. Balser
Jonathan R. Chally
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, GA 30309

*Counsel for Dominion, the SCANA Directors, and the SCANA Executives*

By _____
William C. Hubbard
B. Rush Smith III
A. Mattison Bogan
Carmen Harper Thomas
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, SC 29201

*Counsel for Santee Cooper, the Santee Cooper Directors, and the Santee Cooper Executives*

By _____
Frank R. Ellerbe, III
Kevin K. Bell
**ROBINSON GRAY STEPP & LAFFITTE, LLC**
Post Office Box 11449
Columbia, South Carolina 29211

James L. Orr
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309

*Counsel for Central*

By _____
D. Jay Davis, Jr.
**YOUNG CLEMENT RIVERS, LLP**
P.O. Box 993
Charleston, South Carolina 29402

Daniel E. Henderson
**PETERS, MURDAUGH, PARKER, ELTZROTH & DETRICK, P.A.**
90 North Green Street
Post Office Box 2500
Ridgeland, South Carolina 29936

*Counsel for Palmetto*

- 54 -

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

By _____ for Mark B Bonsall
Mark Bonsall
**SANTEE COOPER**
1 Riverwood Drive
Moncks Corner, South Carolina 29461

*President and CEO of Santee Cooper*

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT A
# TO THE SETTLEMENT
# AGREEMENT

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## DISTRIBUTION PLAN

*Cook v. South Carolina Public Service Authority*, Case No. 2019-CP-23-6675

### I.     Common Benefit Fund

Pursuant to the proposed settlement, SCE&G and Santee Cooper will provide a five hundred twenty million dollar ($520,000,000.00) fund (the "Common Benefit Fund") as follows: (a) SCE&G will transfer to, or cause to be issued to, the Escrow Agent a number of shares of Dominion Energy, Inc. common stock, without par value, equal to $320 million divided by the average daily adjusted closing price over the five trading days immediately preceding the transfer or issuance of the shares, and the Escrow Agent will sell the shares; and (b) Santee Cooper will pay two hundred million dollars ($200,000,000.00) to the Common Benefit Fund in three (3) annual installments beginning in 2020, payable in the third quarter of each year, in the amounts of sixty-five million dollars ($65,000,000.00), sixty-five million dollars ($65,000,000.00), and seventy million dollars ($70,000,000.00).

### II.     Distribution Methodology

Within thirty (30) days following the Effective Date of the settlement, Santee Cooper and Central[1] shall deliver to the Settlement Administrator information sufficient for Class Counsel to allocate the Common Benefit Fund among the Class Members in relation to the estimated amounts collected from Class Members related to Santee Cooper's involvement in the Nuclear Project (the "Class Member Payment Information"). Within thirty (30) days of receipt of the Class Member Payment Information, the Settlement Administrator shall calculate (1) the individual Class Member payment or bill credit amounts calculated pursuant to Settlement Agreement § V.E.; and (2) the total bill credits and individual Class Member allocation to be provided to Santee Cooper and the Electric Cooperatives.

### III.     Distributions

####     A.     Initial Distribution

The initial distribution from the Common Benefit Fund shall consist of the Dominion three hundred twenty million dollar ($320,000,000.00) payment and the first Santee Cooper sixty-five million dollar ($65,000,000) payment less (1) Taxes and Tax Expenses; (2) any Fee and Expense Award and Incentive Awards allowed by the Court; (3) Notice and Administrative Costs; and (4) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received had they not chosen to submit such a request. Within sixty (60) days of receipt of the Class Member Payment Information, the Settlement Administrator, Santee Cooper, and the Electric Cooperatives shall provide the Authorized Recipients with their percentage share of the Common Benefit Fund balance as of that date.

####     B.     Subsequent Distribution

---

[1] If such information is not available to Central, Central shall assist in obtaining such information.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

There will be a subsequent distribution from the Common Benefit Fund of the second Santee Cooper sixty-five million dollar ($65,000,000) payment and the Santee Cooper seventy million dollar ($70,000,000) payment less (1) Taxes and Tax Expenses; (2) Notice and Administrative Costs; and (3) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received had they not chosen to submit such a request. Within sixty (60) Days of Santee Cooper's 2022 annual installment payment to the Common Benefit Fund, the Settlement Administrator, Santee Cooper, and the Electric Cooperatives shall provide the Authorized Recipients with their percentage share of the Common Benefit Fund balance as of that date. Payments shall be made subject to and in accordance with Settlement Agreement § V.D.

## IV.    Payment Methods

### A.    Bill Credits and Checks

Payments shall be made subject to and in accordance with the following:

    1.    Each Authorized Recipient who is a current customer of Santee Cooper or any Electric Cooperative and whose distribution is less than $25.00 shall receive his or her distribution by bill credit;

    2.    Each Authorized Recipient who is a current customer of Santee Cooper or any Electric Cooperative and whose distribution is at least $25.00 shall receive his or her distribution by check;

    3.    Each Authorized Recipient who is not a current customer of Santee Cooper or any Electric Cooperative shall receive his or her distribution by check;

### B.    Rules for Check Payments

For any payments made to Class Members via check:

    1.    If a check is returned to the Settlement Administrator by the post office with a forwarding address, the Settlement Administrator shall re-mail the check to the forwarding address.

    2.    If a check is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator will use reasonable efforts to attempt to find a new address, after which, if a new address is found, the Settlement Administrator shall re-mail the check to the new address.

    3.    Payments made to Class Members via check will be deemed unclaimed in the following situations:

        a.    The Settlement Administrator cannot obtain an address for a Class Members who is a former customer, and the Class Member who is a former customer does not contact the Settlement Administrator within 120 days after the

distribution. (Class Counsel and Settling Defendants' Counsel shall promptly notify the Settlement Administrator in writing if a former customer Class Member previously not located reports an address within this timeframe, and the Settlement Administrator shall re-mail the check to the new address.)

b.      The Class Member who is a former customer does not cash the check within one hundred and twenty (120) days or the Settlement Administrator is unable to locate an address for a Class Member who is a former customer whose check is returned within one hundred and twenty (120) days of payment.

## C.      Miscellaneous

Defendants will make reasonable efforts to facilitate the Settlement Administrator's receipt of records necessary to identify Class Members who are former customers entitled to a share of the Common Benefit Fund.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT B
# TO THE SETTLEMENT
# AGREEMENT

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## NOTICE PLAN

***Cook v. South Carolina Public Service Authority*, Case No. 2019-CP-23-6675**

Hilsoft Notifications[1] ("Notice Administrator") submits the following plan to notify class members of the settlement and certification of a settlement class ("Class" or "Class Member") in the above-entitled action.

## 1.     Direct Mail/E-Mail Notice

The principal means of notifying the Class shall be direct notice. As soon as practicable, but no later than April 1, 2020:

a.     Santee Cooper shall provide to Class Counsel and the Notice Administrator the names, service addresses, billing addresses (if different), e-mail addresses (if available), account numbers, and dates of service and/or account status of all Class Members who became Santee Cooper customers between July 26, 2019 and January 31, 2020 (the "Updated Direct Customers"); and

b.     Central Electric shall provide to Class Counsel and the Notice Administrator the names, service addresses, billing addresses (if different), e-mail addresses (if available), account numbers, and dates of service and/or account status of Class Members who became electric cooperative customers between July 26, 2019 and January 31, 2020 (the "Updated Indirect Customers").

The Updated Direct Customer and Updated Indirect Customer information will be merged with the Class notice list prepared for litigation notice to create the "Updated Class Notice List". The Notice Administrator will use the Updated Class Notice List and data provided by Santee Cooper and Central Electric only for the purpose of providing notice of the settlement and for settlement administration. The Notice Administrator will not distribute the data provided by Santee Cooper and Central Electric or the Updated Class Notice List or share the data with persons other than Class Counsel.

The Notice Administrator shall prepare, print, and mail or e-mail the court-approved Summary Class Notice (the "Notice") (Exhibit 1) to all Class Members on the Updated Class Notice List. The Notice Administrator shall discharge its responsibility by e-mailing the Notice to each Class Member for which an e-mail address is available and mailing the Notice via United States Postal Service ("USPS") first-class mail to each Class Member for which an e-mail address is not available by May 1, 2020. The Notice shall provide information concerning the settlement and the Class Member's opt-out and objection rights.

---

[1] Hilsoft specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans. Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc.

### A.    Mailed Notice

Prior to mailing, all mailing addresses will be checked against the National Change of Address ("NCOA") database maintained by the USPS.  In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.

Any mailed Notice returned to the Notice Administrator as non-delivered shall be sent to the forwarding address affixed thereto via USPS first-class mail.  If no forwarding address is provided, the Notice Administrator shall undertake additional public record research using ALLFIND, a third-party lookup service maintained by LexisNexis.  If an alternative address is located, the Notice shall be sent to such address via USPS first-class mail.

### B.    E-Mailed Notice

The e-mail Notice will be created using an embedded html text format to decrease the likelihood that the message will be blocked by Internet Service Providers and/or SPAM filters. Each e-mail Notice will be transmitted with a unique message identifier. If the receiving e-mail server cannot deliver the message, a "bounce code" will be returned along with the unique message identifier.  For any e-mail Notice for which a bounce code is received indicating that the message was undeliverable, at least two additional attempts will be made to deliver the Notice by email.

For any e-mail Notice for which a bounce code is received indicating that the message was undeliverable after three attempts and a valid physical mailing address exists, a Notice will be sent via USPS first-class mail.

### 2.    Publication Notice

Beginning no later than May 1, 2020, the Notice Administrator shall cause the Class Publication Notice (Exhibit 2) to be published in a weekday (Monday through Friday) edition of *Columbia State*, *Greenville News*, *Charleston Post & Courier*, *Aiken Standard*, *Beaufort Gazette / Bluffton Island Packet Combo*, *Rock Hill Herald*, and *Myrtle Beach Sun News* as an approximately 1/4 page ad unit.

### 3.    Website

No later than May 1, 2020, the Notice Administrator shall launch an informational website to which Class Members will be directed in the Class Notice and on which relevant documents and information will be posted, including the Detailed Notice (Exhibit 3) and Request for Exclusion ("Opt-Out") form (Exhibit 4).

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

4.    **<u>Toll-Free Line</u>**

No later than May 1, 2020, the Notice Administrator shall establish a toll-free line to which Class Members will be directed in the Class Notice and on which relevant information may be obtained or shared by Class Members.

5.    **<u>Internet Banner Notice</u>**

Banner ads totaling approximately 10 million impressions over a 21-day period beginning May 1, 2020 will be placed on Google Display Ad Network and Facebook. The banner ads will be targeted to the State of South Carolina only.

6.    **<u>Requests for Exclusion</u>**

The Request for Exclusion form will be available on the informational website and by calling the toll-free line. All Requests for Exclusion must be returned to the Notice Administrator and post-marked no later than June 15, 2020 (45 days after the Notice deadline).

Cameron R. Azari
Director, Legal Notice
Hilsoft Notifications
10300 SW Allen Blvd.
Beaverton, OR 97005
503-597-7697
caza@legalnotice.com

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT 1
# TO THE NOTICE PLAN

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# If you were a customer of Santee Cooper or one of the electric cooperatives in South Carolina at any time between January 1, 2007 and January 31, 2020, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation.*

A proposed settlement has been reached with South Carolina Public Service Authority ("Santee Cooper") and its officers and directors; Dominion Energy South Carolina, Inc., f/k/a South Carolina Electric & Gas Company ("SCE&G"); Dominion Energy Southeast Services, Inc., f/k/a SCANA Services, Inc. ("SCANA Services"); SCANA Corporation ("SCANA") and its officers and directors; Central Electric Power Cooperative, Inc. ("Central"), and Palmetto Electric Cooperative, Inc. ("Palmetto") (collectively, "Defendants") in a lawsuit concerning the construction of two nuclear units at the V.C. Summer site in Jenkinsville, South Carolina (the "Project") for which Santee Cooper and South Carolina electric cooperative customers paid costs through their electric bills. The lawsuit was filed after Santee Cooper and SCE&G stopped construction of the Project. Plaintiffs allege, among other things, that Defendants breached various duties in the construction of the Project and improperly charged Plaintiffs advanced financing costs. Defendants deny the allegations in the lawsuit, but have agreed to settle.

**This Notice advises you of your rights with respect to the proposed settlement, including your right to receive an automatic payment, your right to exclude yourself from the settlement, and your right to object to the settlement.**

**Who is Included?** On March 17, 2020, the Court preliminarily certified (defined) the following Class of persons in this case.

> All Santee Cooper residential, commercial, industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007, through January 31, 2020.

This Notice is being sent to you based upon Santee Cooper and electric cooperative records indicating that you paid costs for the Project as part your electric bills from Santee Cooper and/or an electric cooperative during the Class period.

**What Does the Settlement Provide?** Pursuant to the proposed settlement, Defendants will provide benefits to the Class consisting of cash and prospective rate relief. SCE&G and Santee Cooper will provide a five hundred twenty million dollar ($520,000,000.00) fund (the "Common Benefit Fund") as follows: (a) SCE&G will transfer to, or cause to be issued to, the Escrow Agent a number of shares of Dominion Energy, Inc. common stock, without par value, equal to three hundred twenty million dollars ($320,000,000.00) divided by the average daily adjusted closing price over the five trading days immediately preceding the transfer or issuance of the shares, and the Escrow Agent will sell the shares; and (b) Santee Cooper will pay two hundred million dollars ($200,000,000.00) to the Common Benefit Fund in three (3) annual installments beginning in 2020, payable in the third quarter of each year, in the amounts of sixty-five million dollars ($65,000,000.00), sixty-five million dollars ($65,000,000.00), and seventy million dollars ($70,000,000.00). Santee Cooper will also provide a rate freeze consistent with the rates projected in the Reform Plan submitted to the South Carolina General Assembly beginning in 2020 and

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

extending through the end of 2024, with limited exceptions set forth in the Settlement Agreement available at www.santeecooperclassaction.com.

The Common Benefit Fund will be distributed to Class Members on a pro rata plan to be approved by the Court. Payments from the Common Benefit Fund will be made proportionately to Class Members in two distributions after deducting (1) attorneys' fees and litigation expenses approved by the Court; (2) certain administrative and tax expenses; (3) service awards to the Class Representatives and Named Plaintiffs approved by the Court; and (4) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received had they not chosen to submit such a request.

**How Do You Get Benefits from the Settlement?** If you are a Class Member and do not request exclusion from the Class (see below), and if the settlement is approved, for each distribution you will receive a payment *automatically* in the form of a bill credit if you are a current Santee Cooper or electric cooperative customer and your payment is less than $25.00; in the form of a check if you are a current Santee Cooper or electric cooperative customer and your payment is at least $25.00; or in the form of a check if you are a former customer.

Class Members who are current Santee Cooper or electric cooperative customers will also receive prospective rate relief as set forth above. This or other rate relief may also be mandated by the South Carolina General Assembly.

**What Are My Other Options?** If you do not want to be a part of the settlement, you must exclude yourself by **June 15, 2020**. If you exclude yourself, you will not receive any payments from the settlement (but current Santee Cooper and electric cooperative customers will receive the prospective rate relief), you may not file an objection to the settlement, you will not be bound by any determinations or any judgment made in this lawsuit, whether favorable or unfavorable, and you may attempt to pursue any claims you have against Defendants at your own risk and expense by filing your own lawsuit. If you stay in the Class, you have the right to object to the fairness of any aspect of the proposed settlement by **July 1, 2020**. The detailed written notice available at www.santeecooperclassaction.com or by calling 833-947-0894 explains how to exclude yourself or object.

The Court will hold a final hearing to consider the fairness and adequacy of this proposed settlement and to consider Class Counsel's Motion for Attorneys' Fees and Expenses on **July 20, 2020 at 10:00 A.M., Richland County Courthouse, 1701 Main Street, Columbia, SC 29201**. At this hearing, the Court will determine whether the Settlement Class was properly certified and whether the settlement is fair, adequate, and reasonable and should be finally approved, with judgment entered accordingly. You or your own lawyer, if you have one, are welcome to attend the hearing at our own expense, but your attendance is not necessary. Class Counsel intend to file a motion for attorneys' fees to be paid from the Common Benefit Fund in an amount not to exceed 15% of the Common Benefit Fund and expenses advanced by Class Counsel to be paid from the Common Benefit Fund in an amount not to exceed two million dollars ($2,000,000.00). Class Counsel's Motion for Attorneys' Fees and Expenses must be approved by the Court. Class Counsel will also seek approval of Class Representative service awards of $10,000.00 and Named Plaintiff service awards of $2,500.00 to recognize their time, energy, and commitment during the litigation.

The descriptions in this Notice of the claims and settlement documents in this case are only summaries. If you have any questions or would like more information, including the detailed notice, please contact the Settlement Administrator by phone at 833-947-0894, by e-mail at

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

info@santeecooperclassaction.com, or via www.santeecooperclassaction.com.  You may also consult with your own attorney.

Please do not call the Judge, Clerk, or Court about this Notice or lawsuit. They will not be able to give you advice or answer your questions.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT 2
# TO THE NOTICE PLAN

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

<u>Legal Notice</u>

**If you were a customer of Santee Cooper or one of the electric cooperatives in South Carolina at any time between January 1, 2007 and January 31, 2020, you may be eligible for a payment from a class action settlement.**

*This Notice may affect your rights, so please read it carefully.*

A proposed settlement has been reached with Defendants South Carolina Public Service Authority ("Santee Cooper") and its officers and directors; Dominion Energy South Carolina, Inc., f/k/a South Carolina Electric & Gas Company ("SCE&G"); Dominion Energy Southeast Services, Inc., f/k/a SCANA Services, Inc. ("SCANA Services"); SCANA Corporation ("SCANA") and its officers and directors; Central Electric Power Cooperative, Inc. ("Central"), and Palmetto Electric Cooperative, Inc. ("Palmetto") in a lawsuit concerning the construction of two nuclear units at the V.C. Summer site in Jenkinsville, South Carolina (the "Project") for which Santee Cooper and South Carolina electric cooperative customers paid costs through their electric bills. The lawsuit was filed following the announcement by Santee Cooper and SCE&G of their intention to abandon the construction of the Project. Plaintiffs allege, among other things, that Defendants breached various duties in the construction of the Project and improperly charged Plaintiffs advanced financing costs. Defendants deny the allegations in the lawsuit, but have agreed to settle.

**This Notice advises you of your rights with respect to the proposed settlement, including your right to receive an automatic payment, your right to exclude yourself from the settlement, and your right to object to the settlement.**

**Who is Included?** On March 17, 2020, the Court decided that the Class includes:

> All Santee Cooper residential, commercial, industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007, through January 31, 2020.

**What Does the Settlement Provide?** Pursuant to the proposed settlement, Defendants will provide benefits to the Class consisting of cash and prospective rate relief. SCE&G and Santee Cooper will provide a five hundred twenty million dollar ($520,000,000.00) fund (the "Common Benefit Fund"). Santee Cooper will also provide a rate freeze consistent with the rates projected in the Reform Plan submitted to the South Carolina General Assembly beginning in 2020 and extending through the end of 2024, with limited exceptions set forth in the Settlement Agreement available at www.SanteeCooperClassAction.com. The Common Benefit Fund will be distributed to Class Members on a pro rata plan to be approved by the Court.

**How Do You Get Benefits from the Settlement?** If you are a Class Member and do not request exclusion from the Class (see below), and if the settlement is approved, for each distribution you will receive a payment *automatically* in the form of a bill credit if you are a current Santee Cooper or electric cooperative customer and your payment is less than $25.00; in the form of a check if you are a current Santee Cooper or electric cooperative customer and your payment is at least $25.00; or in the form of a check if you are a former customer.

Class Members who are current Santee Cooper or electric cooperative customers will also receive prospective rate relief as set forth above. This or other rate relief may also be mandated by the

South Carolina General Assembly.

**What Are My Other Options?** If you do not want to be legally bound by the settlement, you must exclude yourself by **June 15, 2020**. If you exclude yourself, you will not receive any payments from the settlement (but current Santee Cooper and electric cooperative customers will receive the prospective rate relief), you may not file an objection to the settlement, you will not be bound by any determinations or any judgment made in this lawsuit, whether favorable or unfavorable, and you may attempt to pursue any claims you have against Defendants at your own risk and expense by filing your own lawsuit. If you stay in the Class, you have the right to object to the fairness of any aspect of the proposed settlement by **July 1, 2020**. The Detailed Notice available at www.SanteeCooperClassAction.com or by calling 833-947-0894 explains how to exclude yourself or object.

The Court will hold a final hearing on **July 20, 2020, at 10:00 A.M.,** at the **Richland County Courthouse, 1701 Main Street, Columbia, SC 29201**. At this hearing, the Court will determine whether to approve the Settlement and a request by Class Counsel for attorneys' fees of up to 15% of the Common Benefit Fund plus Class Counsel's costs and expenses, and Service Awards to the Class Representatives and Named Plaintiffs. You or your own lawyer, if you have one, are welcome to attend the hearing at your own expense, but your attendance is not necessary.

If you have any questions or would like more information, including the Detailed Notice, please contact the Settlement Administrator by phone at 833-947-0894, by e-mail at info@SanteeCooperClassAction.com, or visit www.SanteeCooperClassAction.com. You may also consult with your own attorney.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT 3
# TO THE NOTICE PLAN

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

<u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

**TO: All Santee Cooper residential, commercial, industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007, through January 31, 2020.**

*A STATE COURT HAS AUTHORIZED THIS NOTICE. THIS IS <u>NOT</u> A SOLICITATION FROM A LAWYER.*

<u>**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY AND COMPLETELY**</u>.

This Notice informs you of a proposed settlement of certain class action claims against South Carolina Public Service Authority ("Santee Cooper"); W. Leighton Lord, III, William A. Finn, Barry Wynn, Kristofer Clark, Merrell W. Floyd, J. Calhoun Land, IV, Stephen H. Mudge, Peggy H. Pinnell, Dan J. Ray, David F. Singleton, Jack F. Wolfe, Jr. (collectively, the "Santee Cooper Directors"); Lonnie N. Carter, William Marion Cherry, Jr., Michael R. Crosby (the "Santee Cooper Executives"); Dominion Energy South Carolina, Inc., f/k/a South Carolina Electric & Gas Company ("SCE&G"); Dominion Energy Southeast Services, Inc., f/k/a SCANA Services, Inc. ("SCANA Services"); SCANA Corporation ("SCANA") (collectively with SCE&G and SCANA Services, "Dominion"); Gregory E. Aliff, James A. Bennett, John F.A.V. Cecil, Sharon A. Decker, Lynne M. Miller, James W. Roquemore, Alfredo Trujillo, Maceo K. Sloan, and James Micali (collectively, the "SCANA Directors"); Kevin Marsh, Stephen Byrne, Jimmy Addison, Martin Phalen, Mark Cannon, Russell Harris, Ronald Lindsay (the "SCANA Executives"); Central Electric Power Cooperative, Inc. ("Central"); Palmetto Electric Cooperative, Inc. ("Palmetto") (collectively with Dominion, the SCANA Directors, the SCANA Executives, Santee Cooper, the Santee Directors, the Santee Cooper Executives, Central, and Palmetto, "Defendants") concerning the construction of two nuclear units at the V.C. Summer site in Jenkinsville, South Carolina (the "Project") for which Santee Cooper and South Carolina electric cooperative customers paid costs through their electric bills and for which Plaintiffs have sought recovery of the amounts paid among other damages. **This Notice advises you of your rights with respect to the proposed settlement, including your right to receive an automatic payment, your right to exclude yourself from the settlement, and your right to object to the settlement.**

# GENERAL INFORMATION

## What is the purpose of this Notice?

**Do not be alarmed. You have not been sued. This Notice is to inform you of this proposed class action settlement, to alert you to the fact that you have been identified as a member of the Class preliminarily certified by the court, and to inform you of your rights and options as a member of the Class.**

This Notice is being sent to you based upon Santee Cooper and electric cooperative records

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

indicating that you paid costs for the Project as part your electric bills from Santee Cooper and/or an electric cooperative during the Class period.

You may be entitled to receive monetary benefits under a settlement of legal claims relating to the advanced financing you paid for the Project.

## Do I have to do anything?

If the court grants final approval of the settlement and it becomes effective, you do not have to do anything to receive payment under the settlement. As set forth below, you also have the option to object to the proposed settlement, or you may exclude yourself from the settlement. If you choose to exclude yourself from the settlement, you will not receive any payments from the settlement, and you will retain the right to file any claim you may have against Defendants on your own and at your own expense.

## What is a class action lawsuit?

In a class action, one or more people called "Class Representatives" (in this case, Jessica S. Cook and Chris Kolbe) sue on behalf of people who have similar claims. All these people are a "Class" or "Class Members." The Class Representatives who sued – and all the Class Members like them – are called the Plaintiffs. The entities the Class Representatives sued are called the Defendants. One court resolves the issues for all Class Members, except for those who may choose to exclude themselves from the Class. This Notice is provided because the Defendants have agreed to a proposed settlement with the Class, and the Court has decided that this matter should proceed as a class action lawsuit.

# INFORMATION ABOUT THE CLASS ACTION

## What is the nature of this class action lawsuit?

This lawsuit was initiated in August 2017 following the announcement by Santee Cooper and SCE&G of their intention to abandon the construction of the Project. Plaintiffs allege, among other things, that Defendants breached various duties in the construction of the Project and improperly charged Plaintiffs advanced financing costs. Plaintiffs seek recovery of the amounts paid among other damages. Plaintiffs' allegations are detailed in the Fifth Amended Complaint (the "Complaint"), a copy of which may be reviewed at www.santeecooperclassaction.com.

Defendants deny that they engaged in any wrongful conduct or that they violated the law in any way. Defendants contend that the claims asserted in this litigation have no merit, and they have agreed to the proposed settlement to put to rest this controversy and avoid the risks inherent in complex litigation.

## How is the class defined?

By Order dated March 17, 2020, the South Carolina Court of Common Pleas for Greenville County (the "Court") preliminarily certified (defined) the following Class of persons in this case:

> All Santee Cooper residential, commercial, industrial, and other customers, both direct and indirect, who paid utility bills that included rates calculated, in part, to

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

pay pre-construction, capital, in-service, construction, interest, and other pre-operational costs associated with the V.C. Summer Nuclear Reactor Unit 2 and 3 Project from January 1, 2007, through January 31, 2020.

This Notice is being sent to you based upon Santee Cooper and electric cooperative records indicating that you are a member of the Class.

## Who are the Class Representatives?

The Court designated Jessica Cook and Chris Kolbe to act as the Class Representatives. Additional Named Plaintiffs are Corrin F. Bowers & Son, Cyril B. Rush, Jr., Bobby Bostick, Kyle Cook, Donna Jenkins, and Ruth Ann Keffer.

The Court appointed Speights & Solomons, LLC, McGowan Hood & Felder, LLC, McCullough Khan, LLC, Strom Law Firm, LLC, Richardson Patrick Westbrook & Brickman, LLC, Galvin Law Group, LLC, Savage Royall & Sheheen, L.L.P., and Bell Legal Group, LLC as Class Counsel.

## Who are the Defendants in this Lawsuit?

South Carolina Public Service Authority ("Santee Cooper"); W. Leighton Lord, III, William A. Finn, Barry Wynn, Kristofer Clark, Merrell W. Floyd, J. Calhoun Land, IV, Stephen H. Mudge, Peggy H. Pinnell, Dan J. Ray, David F. Singleton, Jack F. Wolfe, Jr. (collectively, the "Santee Cooper Directors"); Dominion Energy South Carolina, Inc., f/k/a South Carolina Electric & Gas Company ("SCE&G"); Dominion Energy Southeast Services, Inc., f/k/a SCANA Services, Inc. ("SCANA Services"); SCANA Corporation ("SCANA"); Central Electric Power Cooperative, Inc. ("Central"); and Palmetto Electric Cooperative, Inc. ("Palmetto") are the Defendants in this lawsuit. The Plaintiffs' claims against Palmetto are not part of the class action.

# YOUR OPTIONS AND RIGHTS WITH RESPECT TO THIS PROPOSED SETTLEMENT

You have a choice. You can remain a member of the Class *or* you have the right to exclude yourself from the Class. If you remain a member of the Class, you will participate in the proposed settlement, if it is finally approved by the Court. If you remain a member of the Class, you also have the right to object in writing to any part of the settlement if you choose to do so. Each of these choices has consequences that you should understand before making your decision.

**A.    If you wish to remain a member of the Class and participate in the proposed settlement, YOU DO NOT NEED TO DO ANYTHING AT THIS TIME.**

If you wish to remain a member of the Class and participate in the proposed settlement:

1.    You will be entitled to receive the benefits provided by this proposed settlement if the Court grants final approval of the settlement.

2.    Pursuant to the proposed settlement, Defendants will provide benefits to the Class consisting of cash and prospective rate relief. SCE&G and Santee Cooper will provide a five hundred twenty million dollar ($520,000,000.00) fund (the "Common Benefit Fund") as follows: (a) SCE&G will transfer to, or cause to be issued to, the Escrow Agent a number of shares of Dominion Energy, Inc. common stock, without par value, equal to $320 million divided by the average daily

adjusted closing price over the five trading days immediately preceding the transfer or issuance of the shares, and the Escrow Agent will sell the shares; and (b) Santee Cooper will pay two hundred million dollars ($200,000,000.00) to the Common Benefit Fund in three (3) annual installments beginning in 2020, payable in the third quarter of each year, in the amounts of sixty-five million dollars ($65,000,000.00), sixty-five million dollars ($65,000,000.00), and seventy million dollars ($70,000,000.00). Santee Cooper will also provide a rate freeze consistent with the rates projected in the Reform Plan submitted to the South Carolina General Assembly beginning in 2020 and extending through the end of 2024, with limited exceptions set forth in the Settlement Agreement available at www.santeecooperclassaction.com.

3.    The Common Benefit Fund will be distributed among the Class Members proportionally based on how much each Class Member paid in costs associated with the Project. There will be a distribution from the Common Benefit Fund in 2020 of the SCE&G three hundred twenty million dollar ($320,000,000.00) payment and the first Santee Cooper sixty-five million dollar ($65,000,000.00) payment less (1) attorneys' fees and litigation expenses approved by the Court; (2) certain administrative and tax expenses; (3) service awards to the Class Representatives and Named Plaintiffs approved by the Court; and (4) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received had they not chosen to submit such a request.[1] There will be a distribution from the Common Benefit Fund in 2022 of the second Santee Cooper sixty-five million dollar ($65,000,000.00) payment and the Santee Cooper seventy million dollar ($70,000,000.00) payment less (1) certain administrative and tax expenses; and (2) for any and all Class Members who submit valid Requests for Exclusion, the pro rata amount those Class Members would have received had they not chosen to submit such a request. For each distribution:

    a.    Class Members who are current customers of Santee Cooper or an electric cooperative and whose payment is less than $25.00 will receive payment in the form of a bill credit.

    b.    Class Members who are current customers of Santee Cooper or an electric cooperative and whose payment is at least $25.00 will receive payment in the form of a check to the address on file with Santee Cooper or an electric cooperative (or to any better address that can be found or you may provide).

    c.    Class Members who are former customers of Santee Cooper or an electric cooperative will receive payment in the form of a check to the address on file with Santee Cooper or an electric cooperative (or to any better address that can be found or you may provide).

4.    Class Members who are current Santee Cooper or electric cooperative customers

---

[1] By way of example only, if the net cash to be distributed after the deductions discussed above is $440,000,000.00, and the estimated Project costs paid by all Class Members who do not request exclusion are $650,000,000.00, a Class Member whose estimated proportional share of total costs paid is $300.00 will receive approximately $200.00.

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

will also receive prospective rate relief as set forth above. This or other rate relief may also be mandated by the South Carolina General Assembly.

5.      Class Counsel and the Class Representatives will continue to represent your interests in this case. At the outset in August 2017, Class Counsel agreed to handle the case on a "contingent" basis and to advance all costs and expenses on behalf of the Plaintiffs and the Class. Class Counsel intend to file a motion for attorneys' fees to be paid from the Common Benefit Fund in an amount not to exceed 15% of the Common Benefit Fund and expenses advanced by Class Counsel to be paid from the Common Benefit Fund in an amount not to exceed two million dollars ($2,000,000.00). Class Counsel's Motion for Attorneys' Fees and Expenses must be approved by the Court. Class Counsel will also seek approval of Class Representative service awards of ten thousand dollars ($10,000.00) and Named Plaintiff service awards of two thousand five hundred dollars ($2,500.00) to recognize their time, energy, and commitment during the litigation.

6.      In completing the settlement approval process, Plaintiffs will petition the Court for a Final Order dismissing this case as to the Class Members with prejudice, and any person who remains in the Class and does not request exclusion from the settlement will be bound by it.

**B.     If you want to exclude yourself from the proposed settlement, this is what you must do.**

If you want to exclude yourself from this proposed settlement, you must mail or deliver a Request for Exclusion to the Settlement Administrator at the address set forth below. Your Request for Exclusion must contain the following information **and must be signed by the Class Member**: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) the Class Member's electricity provider; (4) service address and/or account number for which the Class Member is requesting exclusion; (5) reference *Cook, et al. v. South Carolina Public Service Authority, et al.*, Case No. 2019-CP-23-6675; and (5) state in express and clear terms the Class Member's desire to be excluded from the settlement and from the Class. Failure to comply with these requirements and to timely submit a proper Request for Exclusion shall result in the Class Member being bound by the terms of the settlement.

A Request for Exclusion Form is available at www.santeecooperclassaction.com for your convenience. You must mail or deliver your Request for Exclusion to:

Cook v. SCPSA Exclusions
P.O. Box 3127
Portland, OR 97208-3127

**To be effective, the Request for Exclusion must be completed, signed, and postmarked or delivered no later than June 15, 2020.**

By making this election to be excluded from the proposed settlement:

1.      You will not receive any payments from the settlement (but current Santee Cooper and electric cooperative customers will receive the prospective rate relief);

2.      You may not file an objection to the settlement;

3.      You will not be bound by any determinations or any judgment made in this lawsuit,

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

whether favorable or unfavorable, and you will not be entitled to any relief awarded to the Class under the settlement or otherwise; and

4.    You may attempt to pursue any claims you have against Defendants at your own risk and expense by filing your own lawsuit.

**C.    If you wish to object to any portion of the settlement, this is what you must do:**

If you remain a member of the Class, you have the right to object to the fairness of any aspect of the proposed settlement. If you wish to object, you must both file with the Court and mail to Class Counsel and Defendants' Counsel a <u>written</u> objection specifically referring to *Cook, et al. v. South Carolina Public Service Authority, et al.*, Case No. 2019-CP-23-6675. All objections must include the following information: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) the Class Member's electricity provider; (4) the service address and/or account number; (5) all specific objections and the reasons in support thereof; and (6) any and all supporting papers. Any Class Member who files an objection must also appear at the Fairness Hearing in person or through counsel to show why the proposed settlement should not be approved as fair, reasonable, just, and adequate.

If you intend to object through counsel, your attorney must append a list of all prior objections previously filed by such counsel to class action settlements in state and federal courts, and with respect to each, provide (1) the case number; (2) the court where the prior objection was filed; (3) and the outcome of the objection.

Any Class Member who does not properly file and serve a timely written objection to the settlement shall not be permitted to object to the settlement at the Fairness Hearing and shall be foreclosed from seeking review of the settlement by appeal, collateral attack, or otherwise.

To file your objection with the Court, you must mail or deliver the original of the written objection to:

Greenville County Clerk of Court
305 E. North Street, #202
Greenville, SC 29601

**PLEASE DO NOT CALL THE COURT.**

You must also mail copies of your written objection to the following Counsel:

**SPEIGHTS & SOLOMONS, LLC**
Re: *Cook v. SCPSA*
100 Oak Street
Hampton, SC 29924

**KING & SPALDING LLP**
Re: *Cook v. SCPSA*
1180 Peachtree St. NE
Atlanta, GA 30309

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Re: *Cook v. SCPSA*
1320 Main Street, 17th Floor
Columbia, SC 29201

**QUESTIONS? CALL 1-833-947-0894 OR VISIT www.santeecooperclassaction.com**

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

**ROBINSON GRAY STEPP & LAFFITTE, LLC**
Re: *Cook v. SCPSA*
Post Office Box 11449
Columbia, SC 29211

**To be effective, the objection must be postmarked or delivered to the Court and Counsel no later than July 1, 2020.**

## THE FINAL FAIRNESS HEARING AND RELEASE OF CLAIMS

**The Final Fairness Hearing.** The Court will hold a final hearing to consider the fairness and adequacy of this proposed settlement and to consider Class Counsel's Motion for Attorneys' Fees and Expenses on **July 20, 2020, at 10:00 A.M., Richland County Courthouse, 1701 Main Street, Columbia, SC 29201**.

**Release.** The proposed settlement is intended to resolve and terminate all claims that were raised or could have been raised by or on behalf of the Class Members as alleged in the Complaint in this matter relating to (1) any activity associated with the decision to begin construction of the Project; (2) any activity associated with construction efforts associated with the Project; (3) any activity associated with charging Santee Cooper or electric cooperative customers costs associated with the Project; (5) any activity associated with the decision to abandon construction efforts associated with the Project; and (6) any activity associated with the disclosures made, or not made, to the Office of Regulatory Staff or the South Carolina Public Service Commission regarding the Project. The proposed settlement, if finally approved by the Court, will result in the release by each Class Member of all such claims, as more specifically provided in the Settlement Agreement. The claims against Defendants alleged in the Complaint will be dismissed with prejudice as to all Class Members.

# FREQUENTLY ASKED QUESTIONS

| What will it cost me to remain a Class Member? |
| --- |

You will be represented by Class Counsel if you do not elect to exclude yourself from the proposed settlement. There is no out-of-pocket cost for this representation to any member of the Class regardless of the outcome. Class Counsel agreed to handle the case on a "contingent" basis and to advance all attorneys' fees, litigation expenses, and costs on behalf of the Plaintiffs and the Class.

Class Counsel intend to file a motion for attorneys' fees to be paid from the Common Benefit Fund in an amount not to exceed 15% of the Common Benefit Fund and expenses advanced by Class Counsel to be paid from the Common Benefit Fund in an amount not to exceed two million dollars ($2,000,000.00). The Court will determine whether attorneys' fees, expenses, and costs will be awarded and, if so, what the amount of the attorneys' fees, expenses, and costs will be.

| What if the address at which I received the Summary Notice is no longer current? |
| --- |

If your mailing address has changed, or is expected to change in the future, or if you received the Summary Notice at an address other than that listed on the envelope, you should send your new mailing address and the Santee Cooper or electric cooperative service address and/or account number for which you received the Summary Notice to the Claims Administrator at:

Santee Cooper Class Action Settlement
P.O. Box 3127
Portland, OR 97208-3127

## What if I am no longer a Santee Cooper or electric cooperative customer?

For purposes of this proposed settlement, you are deemed to be a Class Member and entitled to receive benefits under the settlement if you paid costs associated with the Project as a component of your payment to Santee Cooper or an electric cooperative for electricity service at any time prior to January 31, 2020.

## Where can I get more information?

The descriptions in this Notice of the claims and settlement documents in this case are only summaries. If you have any questions or would like more information, please contact the Settlement Administrator by phone at 833-947-0894; by e-mail at info@santeecooperclassaction.com; or via www.santeecooperclassaction.com. You may also consult with your own attorney.

The Settlement Agreement and all other documents filed in this lawsuit may be reviewed and copied in the office of the Greenville County Clerk of Court, 305 E. North Street, Greenville, SC 29601. You may also view the Settlement Agreement and other settlement related documents at www.santeecooperclassaction.com.

**Please do not call the Judge, Clerk, or Court about this Notice or lawsuit. They will not be able to give you advice or answer your questions.**

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# EXHIBIT 4
# TO THE NOTICE PLAN

# REQUEST FOR EXCLUSION FORM

### *Cook, et al. v. South Carolina Public Service Authority, et al.*
### Case No. 2019-CP-23-6675 (S.C. Court of Common Pleas)

### YOU MUST COMPLETE THIS FORM IF YOU DO NOT WISH
### TO BE PART OF THE CLASS ACTION.

By signing and returning this form, I confirm that I do not want to be included in the settlement and the settlement class in the class action lawsuit referenced above.

By requesting exclusion, I understand that I will receive no benefits or compensation from this lawsuit and cannot object to the settlement.

By requesting exclusion, I understand that I retain the right to file my own individual lawsuit against the Defendants named in the lawsuit.

By providing the following information, I affirm that I want to be excluded from this settlement:

_____

Printed Name

_____

Current Address

_____

Electric Service Address (if different than Current Address)

_____      _____

Telephone                                                          Email Address

_____      _____

Electric Service Provider                                Account Number (if known)

_____      _____

Sign Here                                                         Date

**To be effective as a request for exclusion, this form must be completed, signed, and sent by mail, postmarked no later than <u>June 15, 2020</u>, to the following address:**

### *Cook v. SCPSA* Exclusions
### P.O. Box 3127
### Portland, OR 97208-3127

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# SCHEDULE A

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

**Schedule A**

Consistent with the cost information provided in the Reform Plan and projected load, Santee Cooper's charges under the Amended and Restated Power Systems Coordination and Integration Agreement, as amended, between Central and Santee Cooper, for Central's Supplemental Power and Energy Requirements, shall be fixed for each of the following rate components in the following amounts for the years set forth below:

| Rate Component | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Supplemental Capacity Cost Rate (per kW-month) | 8.76 | 8.68 | 8.83 | 8.61 | 8.55 |
| Supplemental Energy-Related Fixed Cost Rate (per MWh) | 15.88 | 15.33 | 15.31 | 15.12 | 14.83 |
| Supplemental Non-Fuel Variable Cost Rate (per MWh) | 5.04 | 5.67 | 4.86 | 4.79 | 4.63 |
| Transmission Service Rate (per kW-month) | 2.74 | 2.80 | 2.89 | 2.94 | 2.96 |
| Delivery Service Charge (per year) (whole dollars) | $2,398,000 | $2,494,000 | $2,488,000 | $2,514,000 | $2,527,000 |

| Monthly Supplemental Fuel Cost Rate (per MWh) | Jan | Feb | March | April | May | June | July | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | 26.39 | 25.76 | 24.81 | 28.16 | 26.62 | 25.45 | 26.80 | 26.19 | 25.34 | 23.30 | 24.23 | 25.89 |
| 2021 | 26.81 | 25.81 | 25.44 | 22.15 | 23.62 | 25.74 | 26.47 | 25.95 | 24.21 | 25.84 | 24.98 | 24.58 |
| 2022 | 25.33 | 24.80 | 23.40 | 23.42 | 23.68 | 24.42 | 25.78 | 25.05 | 23.35 | 22.24 | 22.54 | 24.24 |
| 2023 | 25.54 | 24.97 | 23.77 | 24.09 | 25.01 | 24.26 | 25.40 | 25.23 | 23.82 | 22.17 | 22.33 | 24.24 |
| 2024 | 25.85 | 25.07 | 23.42 | 24.51 | 23.06 | 24.23 | 25.49 | 25.28 | 23.37 | 25.21 | 23.54 | 24.37 |

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# SCHEDULE B

# Reform Plan Monthly Credits

2/28/2020

## Schedule RG, RT, GA, GB, GV, GT, GT, GL, TP, TA, TL, MS, OL

**Fuel Adjustment ($/kWh)**

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2020 | -0.01371 | -0.01264 | -0.01191 | -0.01182 | -0.01133 | -0.01096 | -0.01070 | -0.01092 | -0.01102 | -0.01103 | -0.01222 | -0.01305 |
| 2021 | -0.01291 | -0.01174 | -0.01126 | -0.01135 | -0.01285 | -0.01368 | -0.01354 | -0.01210 | -0.01136 | -0.01175 | -0.01205 | -0.01246 |
| 2022 | -0.01241 | -0.01253 | -0.01261 | -0.01300 | -0.01373 | -0.01418 | -0.01381 | -0.01290 | -0.01243 | -0.01269 | -0.01389 | -0.01493 |
| 2023 | -0.01468 | -0.01355 | -0.01279 | -0.01286 | -0.01338 | -0.01336 | -0.01316 | -0.01263 | -0.01250 | -0.01259 | -0.01366 | -0.01484 |
| 2024 | -0.01475 | -0.01349 | -0.01265 | -0.01284 | -0.01334 | -0.01407 | -0.01377 | -0.01327 | -0.01255 | -0.01274 | -0.01296 | -0.01363 |

**Demand Sales Adjustment ($/kWh)**

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2020 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 | -0.00214 |
| 2021 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 | -0.00209 |
| 2022 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 | -0.00212 |
| 2023 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 | -0.00215 |
| 2024 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 | -0.00183 |

**Economic Development Sales Adjustment ($/kWh)**

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 | -0.00020 |
| 2021 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| 2022 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| 2023 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| 2024 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# Reform Plan Monthly Credits

2/28/2020

## Schedule L-17

### Fuel Adjustment ($/kWh)

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | -0.01310 | -0.01209 | -0.01139 | -0.01130 | -0.01083 | -0.01048 | -0.01023 | -0.01044 | -0.01054 | -0.01055 | -0.01168 | -0.01248 |
| **2021** | -0.01235 | -0.01123 | -0.01076 | -0.01085 | -0.01229 | -0.01308 | -0.01294 | -0.01157 | -0.01086 | -0.01124 | -0.01152 | -0.01191 |
| **2022** | -0.01186 | -0.01198 | -0.01206 | -0.01243 | -0.01313 | -0.01356 | -0.01320 | -0.01233 | -0.01189 | -0.01213 | -0.01328 | -0.01427 |
| **2023** | -0.01403 | -0.01295 | -0.01223 | -0.01230 | -0.01279 | -0.01277 | -0.01258 | -0.01208 | -0.01195 | -0.01204 | -0.01306 | -0.01418 |
| **2024** | -0.01410 | -0.01289 | -0.01210 | -0.01227 | -0.01276 | -0.01345 | -0.01316 | -0.01269 | -0.01199 | -0.01218 | -0.01239 | -0.01303 |

### Demand Sales Adjustment ($/kW-month)

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 | -0.84059 |
| **2021** | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 | -0.81839 |
| **2022** | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 | -0.82523 |
| **2023** | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 | -0.82887 |
| **2024** | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 | -0.71736 |

### Economic Development Sales Adjustment ($/kW-month)

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 |
| **2021** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| **2022** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| **2023** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| **2024** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

## Reform Plan Monthly Credits

2/28/2020

## Schedule L-17-I

**Fuel Adjustment ($/kWh)**

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | -0.01310 | -0.01209 | -0.01139 | -0.01130 | -0.01083 | -0.01048 | -0.01023 | -0.01044 | -0.01054 | -0.01055 | -0.01168 | -0.01248 |
| **2021** | -0.01235 | -0.01123 | -0.01076 | -0.01085 | -0.01229 | -0.01308 | -0.01294 | -0.01157 | -0.01086 | -0.01124 | -0.01152 | -0.01191 |
| **2022** | -0.01186 | -0.01198 | -0.01206 | -0.01243 | -0.01313 | -0.01356 | -0.01320 | -0.01233 | -0.01189 | -0.01213 | -0.01328 | -0.01427 |
| **2023** | -0.01403 | -0.01295 | -0.01223 | -0.01230 | -0.01279 | -0.01277 | -0.01258 | -0.01208 | -0.01195 | -0.01204 | -0.01306 | -0.01418 |
| **2024** | -0.01410 | -0.01289 | -0.01210 | -0.01227 | -0.01276 | -0.01345 | -0.01316 | -0.01269 | -0.01199 | -0.01218 | -0.01239 | -0.01303 |

**Demand Sales Adjustment ($/kW-month)**

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 | 0.40168 |
| **2021** | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 | 0.42138 |
| **2022** | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 | 0.41332 |
| **2023** | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 | 0.40829 |
| **2024** | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 | 0.50722 |

**Economic Development Sales Adjustment ($/kW-month)**

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 | -0.06483 |
| **2021** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| **2022** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| **2023** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |
| **2024** | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 | 0.00000 |

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675

# Reform Plan Monthly Credits

2/28/2020

## Schedule L-17-EP-O

**Fuel Adjustment ($/kWh)**

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2020 | -0.01310 | -0.01209 | -0.01139 | -0.01130 | -0.01083 | -0.01048 | -0.01023 | -0.01044 | -0.01054 | -0.01055 | -0.01168 | -0.01248 |
| 2021 | -0.01235 | -0.01123 | -0.01076 | -0.01085 | -0.01229 | -0.01308 | -0.01294 | -0.01157 | -0.01086 | -0.01124 | -0.01152 | -0.01191 |
| 2022 | -0.01186 | -0.01198 | -0.01206 | -0.01243 | -0.01313 | -0.01356 | -0.01320 | -0.01233 | -0.01189 | -0.01213 | -0.01328 | -0.01427 |
| 2023 | -0.01403 | -0.01295 | -0.01223 | -0.01230 | -0.01279 | -0.01277 | -0.01258 | -0.01208 | -0.01195 | -0.01204 | -0.01306 | -0.01418 |
| 2024 | -0.01410 | -0.01289 | -0.01210 | -0.01227 | -0.01276 | -0.01345 | -0.01316 | -0.01269 | -0.01199 | -0.01218 | -0.01239 | -0.01303 |

**Demand Sales Adjustment ($/kW-month)**

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2020 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2021 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2022 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2023 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2024 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |

**Economic Development Sales Adjustment ($/kW-month)**

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2020 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2021 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2022 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2023 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 2024 | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |



Greenville Common Pleas

**Case Caption:**    Jessica S Cook  vs.  Santee Cooper  , defendant, et al

**Case Number:**    2019CP2306675

**Type:**    Order/Approval Of Settlement

IT IS SO ORDERED.

s/ Jean H. Toal #2758

Electronically signed on 2020-03-17 15:50:53    page 105 of 105

ELECTRONICALLY FILED - 2020 Mar 17 4:24 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2306675